[Sac. No. 33.   Department One.—January 28, 1896.]

## EDWARD T. PURSER, RESPONDENT, *v.* EAGLE LAKE LAND AND IRRIGATION CO., ET AL., APPELLANT.

CORPORATIONS — RATIFICATION OF MORTGAGE—EVIDENCE—AUTHENTICATED COPY OF RESOLUTION OF DIRECTORS—PRESUMPTION.—In an action to foreclose a mortgage against a corporation, a certified copy of a resolution of its board of directors duly attested by the signatures of the president and secretary, under the corporate seal, showing a ratification of the mortgage in suit by authority of the board of directors, is admissible in evidence, as being presumptively the act of the corporation; and it is not necessary to produce the record of such resolution, nor to show that no record thereof had been kept; and in the absence of any countervailing proof, the recitals of such certified copy are binding upon the corporation.

ID.—MORTGAGE—CONVEYANCE UPON CONDITION—OPTION TO PAY IN LANDS AND WATER RIGHTS—DEFAULT—ELECTION TO FORECLOSE.—Where a corporation, to secure its indebtedness evidenced by note, conveyed its property to plaintiff, upon condition that if it should, within a specified period, convey or cause to be conveyed to him certain other described lands and water rights, the conveyance should be void, whereupon plaintiff was to pay one dollar per acre therefor, and the corporation was to clear and plow the land in a manner suitable for seeding and cultivation, upon the completion of which work plaintiff was to pay a further sum per acre, such instrument is a mortgage, merely giving the corporation the option to pay the indebtedness in land and water rights within the specified period; nor is the plaintiff required to perform any act to put the corporation in default, but upon its failure to make such conveyance or to pay the indebtedness within such period, the plaintiff may elect to foreclose the mortgage, and is not required to make any tender or demand any conveyance of the land and water rights, even if he had a right under the contract so to do.

ID.—INDEPENDENT COVENANTS.—By the terms of the contract plaintiff was only required to pay one dollar per acre, on condition that the land and water rights were conveyed by the corporation within the time limited; and the covenants in regard to the clearing of the land and the payment of an additional price per acre, and the making of the deeds, were independent and in no sense contemporaneous or dependent conditions or covenants, nor could plaintiff be required to pay or tender such further payment until after the making of the conveyances.

APPEAL from a judgment of the Superior Court of Lassen County.   W. T. MASTEN, Judge.

The facts are stated in the opinion of the Court.

*Goodwin* v. *Goodwin,* for Appellants.

No corporate seal appears to have been attached to the original contract or to any copy thereof; and it is

only where the corporate seal is attached that the authority of its officers to execute a contract can be presumed. (*Alta Silver Min. Co.* v. *Alta Placer Min. Co.*, 78 Cal. 632; Thompson on Corporations, secs. 5016, 5105; 4 Am. & Eng. Ency. of Law, 241–2; *Miners' Ditch Co.* v. *Zellerbach*, 37 Cal. 596; *Southern etc. Assn.* v. *Bustamente*, 52 Cal. 196; *Read* v. *Buffum*, 79 Cal. 77; 12 Am. St. Rep. 131.) A corporation is required to keep its records, which are presumably in the custody of the secretary, and which are the best evidence of their contents. (Civ. Code, secs. 308, 377; Boone on Corporations, sec. 145; Code Civ. Proc., sec. 1829; Angell and Ames on Corporations, 288.) The certified copy of the record was not admissible. The making of the record is not an act of the corporation but of its secretary. (Civ. Code, sec. 308; Boone on Corporations, sec. 145.) The contract was indivisible for the purchase and sale of property and water rights, and could only be ratified as such. (*McCauley* v. *Brooks*, 16 Cal. 38; *Jones* v. *Post*, 6 Cal. 102; *Purdy* v. *Ballard*, 41 Cal. 446.) Plaintiff must have performed or offered to perform on his part before he can enforce the contract. (Civ. Code, sec. 1349; *Hanson* v. *Slaven*, 98 Cal. 381.)

*Shinn & Shinn*, for Respondent.

The instrument offered in evidence was a declaration of ratification, under the corporate seal, and must be presumed to have been authorized and to be the act of the corporation. (*Miners' Ditch Co.* v. *Zellerbach*, 37 Cal. 597; *Underhill* v. *Santa Barbara etc. Co.*, 93 Cal. 300.) The corporation waives its right to pay in lands, by not exercising it when the debt became due. (Civ. Code, sec. 1449.)

VAN FLEET, J.—Action to foreclose a mortgage given by defendant Eagle Lake Land and Irrigation Company to secure a promissory note of the corporation.

Judgment was for plaintiff, and defendants appeal therefrom and from an order denying them a new trial.

1. It is claimed that the finding that the corporation executed the mortgage in suit is not sustained by the evidence. This is based upon the contention that no authority was shown in the officers of the corporation to execute that instrument, and that there was no sufficient evidence of ratification of their act. The original instrument was shown to have been lost, and a certified copy of the record thereof in the county recorder's office was introduced in evidence. From this copy it appeared that the instrument had been signed and acknowledged in due form by the president and secretary of the corporation, but it did not appear that the seal of the corporation had been affixed thereto. No proof was offered to show that the seal was attached to the original instrument, nor was there evidence tending to show any antecedent authority by the corporation for the execution of the mortgage; but plaintiff produced and was permitted, against the objection of defendants, to put in evidence an instrument purporting to be a ratification of the execution of the mortgage. This instrument was in form a certified copy of a resolution by the board of directors of the corporation, duly attested by the signatures of the president and secretary under the corporate seal; it recites that the resolution was unanimously adopted at a special meeting of the board called for the purpose, refers to and identifies the note and mortgage in suit, and certain other notes, and resolves that the execution of said instruments was "for the best interests of said corporation, and each, every, and all of said acts are hereby ratified and confirmed, and are hereby declared to be the acts of this corporation, with the full and unqualified approval of the directors of this corporation." The objection was, not that this paper, if established, did not show a ratification, but that its contents could only be competently proven by the production of the record thereof in the books of the corporation, or after a showing that no such record had been kept. We think the resolution was properly admitted. It was shown that it had been furnished to plaintiff by the

secretary of the corporation, and it was authenticated by the corporate seal. It was therefore presumptively the act of the corporation, and admissible in evidence as such; and in the absence of any countervailing proof its recitals were binding upon the corporation. (*Hawley* v. *Gray etc. Paving Co.,* 106 Cal. 337; *Miners' Ditch Co.* v. *Zellerbach,* 37 Cal. 597; *Underhill* v. *Santa Barbara etc. Co.,* 93 Cal. 300.)

2. It is further contended that, assuming the execution of the mortgage or instrument in suit to have been competently proven, it is not in fact a mortgage but an executory contract for the sale and purchase of land; and that as such the plaintiff did not make a case entitling him to recover thereunder, for the reason that he failed to show that he had tendered the balance of the purchase price of the land and made demand for a conveyance, and that the defendant corporation was consequently not put in default. The instrument recites that the party of the first part, the corporation, "is justly indebted to the party of the second part in the sum of six thousand eight hundred dollars, United States gold coin, secured to be paid by a certain promissory note," and then follows a copy of the note; that "for the better securing of the payment of the said sum of money so secured to be paid by the said promissory note, with interest," etc., the corporation grants, bargains, sells, and conveys to the party of the second part, the plaintiff here, certain lands, describing them.

It is then provided " that these presents are upon this express condition, that if the said party of the first part shall, on or before March 1, 1893, convey or cause to be conveyed to the said party of the second part, by good and sufficient deed, free from all encumbrances," certain described lands (other than the mortgaged lands) containing six hundred and eighty acres, together with a deed to sufficient water from the irrigation system of the corporation, at certain stipulated annual rates, to perpetually irrigate said land, "then in that case these presents and the estate hereby granted shall determine

and be void." It is further provided, "that when said corporation shall have conveyed said six hundred and eighty acres of land to said party of the second part as aforesaid," the latter shall pay to the corporation the further sum of one dollar per acre for the six hundred and eighty acres; that the corporation " shall grub, clear, burn, and remove the brush from said six hundred and eighty acres of land, and break and plow said land " in a manner to make it suitable for seeding and cultivation, and that upon the completion of such work the plaintiff shall pay the corporation the additional sum of four dollars per acre for the six hundred and eighty acres, on demand, in a manner therein provided. It is then finally provided that in case the corporation makes default in the conveyance of the land as provided, then plaintiff is empowered to foreclose and to sell the mortgaged premises, and out of the proceeds pay the principal and interest of said note, with costs, charges, and attorneys' fees, etc.

Regarded in its entirety we think this paper was clearly a mortgage. It was designed to serve a double purpose, perhaps, but its primary purpose was to secure the indebtedness due the plaintiff. It gave the corporation the option of liquidating that indebtedness by the conveyance of certain lands and water rights, it is true, but it is not clear that it conferred upon plaintiff any corresponding right to enforce such conveyance in the event the corporation failed to exercise its right to make it. Assuming, however, that it did, it clearly gave plaintiff his election between such remedy and that of foreclosure, upon the default of the corporation to either make such conveyance or pay the indebtedness. Nothing remained for plaintiff to perform to put the corporation in default. It is said he should have tendered the balance of the purchase price and demanded deeds of the land and water before suing. But we fail to discover wherein, under the peculiar provisions of the contract, there was any balance of purchase price due. All of plaintiff's money was up which he was required to

put up until a conveyance of the land and the water right, when, and when only, he was required to pay an additional dollar per acre, and upon certain other conditions an additional four dollars per acre. These conditions were wholly independent, and plaintiff was not required to pay or tender such further payments until after the making of the conveyance. The giving of the deeds and the payments of the additional acreage were in no sense contemporaneous or dependent covenants. The corporation was in default when it failed to either convey the land and water or pay the indebtedness within the stipulated time, and plaintiff was then entitled to foreclose. The recitals in the instrument of ratification in no way added to or detracted from the terms of the mortgage, nor in any way limited the construction to be put upon them.

We think the evidence fully supports the findings, and the judgment and order must be affirmed.

It is so ordered.

GAROUTTE, J., and HARRISON, J., concurred.