70  635
86  545
70  635
97  397
70  635
s38ɴᴡ 606
129  ² 19
70  635
s38ɴᴡ 606
132  ²488

## HERSCHEL WHITAKER v. LAWRENCE F. KILROY.

*Bill of exceptions—Corporations—Authority of agent to contract and receive payment.*

1. It is the duty of the party preparing exceptions to make them both concise and correct in their allegations, and, where there is room for difference concerning the tendency of testimony, it may some times be necessary to give the testimony itself on the disputed point.[1]

---

[1] See *Cole v. Ingham Circuit Judge,* 43 N. W. Rep. 995, for a statement of the proper practice in preparing and settling bills of exceptions

2. Persons dealing with a corporation for work have a right to get their information from the person whom the corporation has put in charge, and cannot be required to go elsewhere, and contracts so made are valid when relating to the ordinary concerns of such business.

3. The superintendent to do the general work and to keep the books of a corporation, and who is known as superintendent and manager, is authorized, at least as to third persons, if not generally, to receive payments on contracts for work done by the corporation.

Error to Wayne. (Reilly, J.) Argued June 6, 1888. Decided June 15, 1888.

*Assumpsit.* Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*H. C. Wisner*, for appellant, contended:

1. In order that Brandon, who was not a director for the company, should have power to act for the corporation in making its contracts, he must have received authority from the directors, which fact defendant was bound to show. The mere name of Brandon's position did not necessarily carry with it such power; citing Field, Corp. §§ 201, 202, 203; *Iron Mine v. Bank*, 39 Mich. 644; *Rice v. Peninsular Club*, 52 Id. 87; *Hurley v. Watson*, 68 Id. 531; *McCullough v. Moss*, 5 Denio, 567; *Floyd Acceptances*, 7 Wall. 666.

*John W. A. S. Cullen*, for defendant, contended for the rule as laid down in the opinion.

CAMPBELL, J. Plaintiff, who is receiver of the Granger Engine Works of Detroit (a corporation in process of voluntary dissolution and liquidation), sued defendant for the value of a steam-engine furnished by the corporation. It appeared on the trial, and was not contradicted, that the work was done under a written contract made by Mr. Brandon, the superintendent and book-keeper; that the agreed price was $500, and that all of this price had been paid in full, in compliance with the terms of the contract.

Nevertheless plaintiff undertook to sue Kilroy for what he

claimed to have been the actual outlay of the corporation, with a percentage added for customary profits, all of which he insisted amounted to more than a thousand dollars.

Judgment was rendered below for defendant.

Upon the argument the counsel for plaintiff complained that the bill of exceptions had been made too prolix by the introduction of a large amount of testimony. It certainly should have been very much shortened. But we do not think the form in which plaintiff's counsel prepared it was such as to fully represent the true state of the evidence, although it may have been so according to his theory of its effect. We are not satisfied that, in the very great difference of views between the parties, the court below was not compelled, as we think it was justified, in allowing the testimony itself to appear. It is the duty of the party preparing exceptions to make them both concise and correct in their allegations, and, where there is room for difference concerning the tendency of testimony, it may sometimes be necessary to give the testimony itself on the disputed point. We are not informed from this record that the responsibility for the prolixity of this record rests on defendant in any considerable way, if at all.

Although this case was argued by plaintiff's counsel at some length, it does not seem to us that we should be justified in going into its details very much. The only causes of error relied on all go in one way or another to the question of the authority of the corporation agents. And it seems to us a very simple matter.

Mr. Brandon's duties and powers were shown by plaintiff's own witnesses, and it was necessary to show them to bring defendant into contract relations at all. Mr. Brandon is shown by the testimony for plaintiff to have been the superintendent to do the general work and to keep the books. He is also described as superintendent and manager, and is testified to have made the contract with Mr. Kilroy on which the

·charges were all based. It also appeared that Kilroy's name nowhere appeared on the company's books as owing it anything.

We think that persons dealing with such a corporation for work have a right to get their information from the person whom the corporation has put in charge, and cannot be required to go elsewhere, and that contracts so made are valid ·contracts when ,relating to the ordinary concerns of such business. And if persons are not sustained in contracting with such superintendents they can never be safe. They have no means of knowledge except inquiry somewhere, and the person put by the corporation in open charge of the business must have power, as to third persons, to represent it.

It is claimed, further, that defendant had no right to settle up as he did. The contract called for notes. These were given by the direction of Mr. Cobb, the vice-president, acting as president, and Mr. Brandon. It is claimed these persons had no power to accept the notes, which were made payable to Brandon's order, and that Kilroy had been notified by Mr. McKay, the president, that Brandon had no such authority.

It would perhaps be sufficient to say that plaintiff claims on this theory that the defendant never gave the notes called for by the contract, and that such a claim requires that the contract should be declared on, which is not done here. But we think there is no merit in the objection. There can be no doubt that, at least as to third persons, if not generally, Mr. Brandon's position authorized him to receive payment on contracts. It seems the secretary, under orders from Mr. McKay, the president, told defendant that Brandon had no authority to collect money, but did not tell him who had. Mr. Cobb, the vice-president, who at the time had all the powers of president, went with Mr. Brandon to Kilroy, and under his direction the notes were made and receipted for.

This was within the narrowest construction of the by-laws, and was valid.

It is very doubtful whether, aside from this written contract, which was introduced for the defense, there was any evidence to go to the jury against defendant. But this we need not consider. The claim was fully satisfied.

We have hesitated whether the suit ought not to be treated as coming under the rule concerning vexatious appeals. We have discovered no sound reason why the receiver should have undertaken suit at all. But it is evident that there have been dissensions in the corporation, and he has perhaps been induced to form unjust notions. The suit certainly ought never to have been brought, in the light of the facts. But we shall not impose damages, as he has probably acted under a mistake concerning his duty.

The judgment must be affirmed, with costs.

SHERWOOD, C. J., CHAMPLIN and MORSE, JJ., concurred.