[No. 15801.   Department One.—March 11, 1895.]

## LAURA L. HAWLEY, RESPONDENT, v. GRAY BROTHERS ARTIFICIAL STONE PAVING COMPANY, APPELLANT.

CORPORATION—LEASE BY PRESIDENT—AUTHORITY TO MAKE CONTRACTS.—
Where the board of directors of a corporation has authorized its president to make and sign contracts in its name, and to do a general business for it, he is empowered to lease premises for the use of the corporation, and may bind it for rent under the provisions of the lease.

ID.—RATIFICATION OF LEASE—ESTOPPEL.—Where the president of the corporation in taking a lease of premises for its benefit presented to the owner of the premises a certified copy of the resolution of the board of directors, ratifying and confirming his acts in making the lease, his act in furnishing such resolution was the corporation's act, and it is estopped from denying the ratification of the lease, although no such resolution appears upon its minutes.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Fisher Ames,* and *Jacobs & Wolfe,* for Appellant.

The court erred in admitting in evidence the fictitious resolution of stockholders against defendant's objection. (*Gashwiler* v. *Willis,* 33 Cal. 11; 91 Am. Dec. 607; *Alta Silver Min. Co.* v. *Alta Placer Min. Co.,* 78 Cal. 629–32; *Hotchin* v. *Kent,* 8 Mich. 526; *Yellow Jacket etc. Min. Co.* v. *Stevenson,* 5 Nev. 224; *Cunro* v. *Port Henry Iron Co.,* 12 Barb. 27; *McCullough* v. *Moss,* 5 Denio, 567; *Cammeyer* v. *United etc. Churches,* 2 Sand. Ch. 208.) The

court erred in admitting in evidence the fictitious resolution of the board of directors against defendant's objection thereto. (Civ. Code, secs. 304, 305, 308, 377; *Gashwiler* v. *Willis, supra; Alta Silver Min. Co.* v. *Alta Placer Min. Co., supra; Salfield* v. *Sutter County etc. Co.*, 94 Cal. 546; *Read* v. *Buffum,* 79 Cal. 77; 12 Am. St. Rep. 131; *Smith* v. *Dorn,* 96 Cal. 73–82; *Gribble* v. *Columbia Brewing Co.*, 100 Cal. 67.) The court erred in holding that the board of directors could dispense with the signature of the secretary and empower the president to execute the lease, and place thereon the corporate seal in contravention of the by-laws of the corporation, and also erred in holding that the pretended resolution of the stockholders was legal, or conferred upon the president the power to execute the lease contrary to the express provisions of the by-laws. (*Alta Silver Min. Co.* v. *Alta Placer Min. Co., supra; Read* v. *Buffum, supra; Bliss* v. *Kaweah Canal etc. Co.*, 65 Cal. 502; *Blood* v. *Marcuse,* 38 Cal. 594; 99 Am. Dec. 435; *Southern Cal. etc. Assn.* v. *Bustamente,* 52 Cal. 192; *Schallard* v. *Eel River Nav. Co.*, 70 Cal. 146; *Wharf & Lighter Co.* v. *Simpson,* 77 Cal. 286; *Underhill* v. *Santa Barbara etc. Co.*, 93 Cal. 314; *Vaca Valley etc. R. R. Co.* v. *Mansfield,* 84 Cal. 565; *Miners' Ditch Co.* v. *Zellerbach,* 37 Cal. 596; 99 Am. Dec. 300; *In re La Solidarite M. B. Assn.*, 68 Cal. 392; *Dabney* v. *Stevens,* 40 How. Pr. 341; *Haden* v. *Farmers' etc. Assn.*, 80 Va. 691; *Best* v. *Palmer,* 35 Hun, 386; *Babcock* v. *Alleghany Coal etc. Co.*, 82 Va. 913; 3 Am. St. Rep. 128.) Plaintiff, in dealing with the corporation, is chargeable with notice and knowledge of the provisions of the by-laws, and the resolution authorizing G. F. Gray to execute all instruments for the corporation is in contravention of the by-laws, is *ultra vires,* and plaintiff is chargeable with full notice of that fact. (Civ. Code, secs. 304, 377; *Blood* v. *Marcuse, supra; Alta Silver Min. Co.* v. *Alta Placer Min. Co., supra; Bliss* v. *Kaweah Canal etc. Co., supra; Haden* v. *Farmers' etc. Assn., supra; Best* v. *Palmer, supra; Dabney* v. *Stevens, supra; Babcock* v. *Alleghany Coal etc. Co., supra.*)

*Warren Olney,* for Respondent.

The resolution of the board of directors was sufficient to authorize the president of the corporation defendant to execute the lease on its part. (*Oakland Paving Co.* v. *Rier,* 52 Cal. 270.) But even if the contract had not been signed or ratified by the defendants the entry under it made it binding on defendant, and was equivalent to signing it in proper form. (*Cheney* v. *Newberry,* 67 Cal. 125; *Wharf & Lighter Co.* v. *Simpson,* 77 Cal. 290; *Carroll* v. *St. John's Society,* 125 Mass. 565; *Fitton* v. *Inhabitants of Hamilton City,* 6 Nev. 196; *McFarlane* v. *Williams,* 107 Ill. 33; *Boggs* v. *Olcott,* 40 Ill. 303; *Libbey* v. *Staples,* 39 Me. 166; *Lamson etc. Mfg. Co.* v. *Russell,* 112 Mass. 387; *Clarke* v. *Gordon,* 121 Mass. 331.)

GAROUTTE, J.—This action was brought to recover five hundred dollars claimed to be due to plaintiff from defendant corporation for rent under the provisions of an alleged lease. As a defense to the action it is insisted that the corporation never executed the lease, and that it surrendered the leased premises before the rent sued for became due. The facts leading up to the litigation may be stated as follows: The plaintiff executed a lease to the defendant corporation for a certain tract of land for the term of fifteen years at a monthly rental. George F. Gray, as president of the corporation, signed the lease, and acknowledged it as such president. Prior to the day fixed for the entry under the lease plaintiff notified said Gray that she had doubts as to the validity of it by reason of want of power in him to act for the corporation, and requested that the board of directors of the corporation ratify his acts in entering into the contract. Whereupon said Gray forwarded to plaintiff the following duly certified copy of the proceedings of a meeting of the board of directors of the defendant, help October 23, 1889:

"At a legal meeting of the board of directors of the Gray Brothers Artificial Stone Paving Company, incorporated, held at the office of the said company, on the

twenty-third day of October, 1889, the following resolution was adopted and a copy ordered to be sent to Mrs. Laura L. Hawley: '*Resolved*, That the board of directors of the Gray Brothers Artificial Stone Paving Company hereby confirms the action of its president, G. F. Gray, in making the lease dated October 3, 1889, of the property on Berry and Channel streets, between Sixth and Seventh streets, in San Francisco, for the term of fifteen years from December 1, 1889, from Laura L. Hawley, of Oakland, California.'

"'THE GRAY BROTHERS A. S. P. Co.,<br>[CORPORATE SEAL]      Incorporated, F. F. WARD, Secretary.'"

At the time this purported certified copy of the minutes of the board was sent, and accompanying it, was a letter from Gray, directed to the plaintiff, to the effect that her previous letter had been received, and "Inclosed please find copy of resolution, which I hope is correct. Yours respectfully, G. F. Gray."

Thereafter the corporation entered into possession of the premises, paid the rent, as provided in the lease, for several years, and then vacated. At the trial defendant offered in evidence the record of the minutes of various meetings of the board of directors, which showed no action of the board whatever in accordance with the resolution furnished by Gray to the plaintiff. The defendant also proposed to show by the parol evidence of Gray and others that no such action was ever taken by the board, but this line of evidence was rejected by the trial court. Some months prior to the date of the aforesaid lease the board of directors of defendant adopted a resolution authorizing the president of the corporation, Mr. George F. Gray, "to make and sign contracts in the name of the corporation . . . . and do a general business for said corporation."

1. We think the power given to Gray by the above authorization of the board of directors sufficiently broad and comprehensive to include the right to lease premises for the use of the corporation. The language

of the resolution expressly gives the power to make contracts; the leasing of the premises and the agreement to pay a certain amount of rent therefor was but the making of a contract. Under this authorization the president, Gray, had the power to make any contract, involving any sum of money, which came within the general scope of the business of the corporation. The binding force of the lease as to the defendant was but an agreement upon its part to pay a certain sum of money at certain stated times. Such an agreement Gray had the right and the power to make if the subject matter thereof came within the proper scope and limits of the business of the corporation. We think it apparent that the leasing of these premises came within the scope of such power. The leased premises were used by the corporation for several years in the conduct of its business. The premises were necessary to the conduct of the business, just as necessary as the materials used in carrying out its contracts. For these reasons we believe the authority given to the president, as shown by the records of the board of directors, sufficient to carry the power to make the lease.

2. The evidence discloses that the corporation entered under the lease made by its president, and occupied the premises, paying rent therefor at the times and in the amounts stated in the writing. Under such circumstances it is possible that the corporation might be held to know the contents of the lease, and to have ratified its provisions by such acts and conduct upon its part. Still, it is not necessary to an affirmance of the judgment that this court should so declare. But it is plain that under the general powers vested in Gray by the aforesaid resolution, taken in connection with his general powers as president of the corporation, it was his duty to secure suitable premises for the occupation of the defendant, and to look after the general details leading up to the making of the lease. These were duties peculiarly and essentially resting upon him, and duties which, from the evidence, it is plain he

undertook and performed. In the performance of his duty in this particular line he was called upon to furnish the owner of the lot with evidence that the corporation ratified and sanctioned the lease, and, in response to that demand, he did furnish the owner with a purported certified copy of a resolution of the board of directors, ratifying and confirming his acts in making the lease. This act of Gray was within the scope of his power, and in the line of his duty as president and business manager of the corporation; and, such being the fact, his act in furnishing the resolution was the corporation's act. If the corporation had handed this resolution to the plaintiff in response to her demands, it would be bound by it, and could not impeach it. The act being done by its business manager and president within the scope of his powers and duties, the corporation likewise is bound by it, and is estopped from denying it. We conclude, therefore, that the genuineness of the resolution furnished by Gray to plaintiff ratifying his acts in leasing the premises cannot be assailed, and that it was full and complete in its terms as a ratification of Gray's acts there can be no question.

For the foregoing reasons the judgment and order are affirmed.

HARRISON, J., and VAN FLEET, J., concurred.

Hearing in Bank denied.