A. F. SCHOENING *et al.* v. HENRY SCHWENK *et al.,*
Appellants.

Corporations: POWERS OF BOARD OF DIRECTORS: *Allowing compen-
sation.* The board of directors of a corporation has no author-
ity to allow a compensation greater than is reasonable to an
officer thereof for work which has been performed by him
without a compensation fixed beforehand.

COMPENSATION TO DIRECTORS: *By-laws.* Directors of a corporation
have no authority to vote compensation to themselves, unless
such act is authorized by its by-laws.

*Same.* Where the by-laws of a corporation require its officers and
directors to be selected from its stockholders, a provision that
the board of directors shall fix the salary of its officers and
employes does not authorize such board to vote compensation
to the directors.

SUIT IN EQUITY FOR MISAPPROPRIATION BY OFFICERS AND DIRECTORS:
*Equity jurisdiction.* Stockholders of a corporation may main-

tain a suit in equity on behalf of themselves and other stockholders against its officers and directors, to recover money of the corporation, which they have misappropriated.

SEEKING REDRESS FROM BOARD OF DIRECTORS: *When not a condition precedent.* Where no meeting of stockholders of a corporation is called, and a majority vote of its directors, or a written application by the holders of two-thirds of the stock is necessary to call such a meeting, and the defendants in a stockholder's suit for the misappropriation of the corporations funds, constitute a majority of its directors, and control one-third of its stock, the suit may be maintained, though no redress is first sought before the board of directors or by a stockholders' meeting.

Review on Appeal: OBJECTION BELOW: *That stockholder did not seek relief of corporation.* Where the objection that a stockholder did not take the proper steps before the corporation for obtaining relief against a misappropriation of its funds by its directors and officers is not raised in a trial of a stockholder's suit therefor, it will not be considered on appeal.

SAME: Such an objection should be raised by demurrer or answer. *McLachlan v. Gray,* 105 Iowa, distinguished.

*Appeal from Scott District Court.*—HON. A. J. HOUSE, Judge.

THURSDAY, JANUARY 17, 1901.

THIS is an action in equity brought by two stockholders in a corporation known as the "Green Tree Butter & Cheese Factory," in behalf of themselves and any other stockholders who may wish to join with them, to recover judgment against several persons, individually named as defendants, who were alleged to have been directors and officers of said corporation, to recover, in behalf of the corporation, judgment against said individual defendants for diversion and misappropriation of the funds of the corporation. The corporation is joined as a defendant for the purpose of making it a party to the suit. Complaint is made of the disbursements of defendant's directors through one Hilton, who is also a defendant, and is the secretary of the company, to themselves and to said Hilton, by way

of compensation for services, and in part payment
of a reward offered for the detection of the in-
cendiary who caused the destruction by fire of the
factory building of the corporation, and also, for some dis-
bursements to other persons for services and attorney's fees,
the total judgment asked being for the sum of $971. The
court found for plaintiffs as to the amounts paid the direct-
ors, $116; the amount allowed the secretary for services,.
$55.80; and the amount paid to defendant Hilton, who is
also secretary, as the receiver and manager of the corpora-
tion, in the sum of $85; and that said Hilton should turn
over to the corporation the sum of $100 remaining in his
hands as a part of the reward offered by the board of direct-
ors. And it was ordered that the corporation, the Green
Tree Butter & Cheese Factory, have judgment against all
the individual defendants named in the action in the sum
of $256.80. From this decree defendants appeal.—*Af-
firmed.*

*George E. Hubbell* and *Heinz & Fisher* for appellants.

*E. M. Sharon* and *Ely & Bush* for appellees.

McCLAIN, J.—There is no doubt as to the right of
individual stockholders to maintain such a suit as this for
the benefit of the corporation, where the officers and direct-
ors have abused their trust and wasted the corporate
assets. *Hawes v. City of Oakland,* 104 U. S. 450
(26 L. Ed. 827); *Steiner v. Parsons,* 103 Ala. 215.
(13 South. Rep. 771); *Brewer v. Proprietors,* 104 Mass.
378; *Eaton v. Robinson,* 19 R. I. 146 (31 Atl. Rep. 1058,.
32 Atl. Rep. 339, 29 L .R. A. 100 supplemented opinion);
*Dillon v. Lee,* 110 Iowa, 156; 4 Thompson, Corpora-
tions, 4479-4491; Elliott, Corporations, 421-430; Cook,
Corporations, section 740. All of these authorities
state, as an essential prerequisite to the mainten-
ance of such suit, that the complaining stockholder

shall have sought every means of redress available to him within the corporation itself, and appellants in this action insist that it does not appear that plaintiffs sought redress, either before the board of directors or in a stockholders' meeting. It is doubtful, under the authorities, whether any proceeding by way of securing redress inside the corporation is necessary where it is plain that it would be futile. In this case there was no stockholders' meeting, and to call one required a majority vote of the board of directors (seven out of nine of them being defendants in this case), or a written application to the secretary by holders of two-thirds of the stock. The defendants would hardly be expected to call a meeting of the stockholders to declare illegal acts which they had already done, and a sufficient proportion of the stock was held by defendants to make it impossible to get the necessary written application without their consent. Under these circumstances, we hardly think it incumbent upon plaintiffs to make application to either the board of directors or a stockholders' meeting. Further than this, the objection that it does not appear that plaintiffs had taken the necessary steps within the corporation to secure redress seems not to have been raised. in, or passed upon, by the trial court. Even in an equity case, we do not on appeal try questions not presented to the lower court. *Manufacturing Co. v. Hasbrouck,* 68 Iowa, 554; *Chase v. Kaynor,* 78 Iowa, 449; *Bolton v. McShane,* 79 Iowa, 26; *Byers v. Johnson,* 89 Iowa, 278; *Beacham v. Gurney,* 91 Iowa, 621.

Counsel for appellants contend that neither the pleadings nor evidence show the proper steps to have been taken by plaintiffs to secure their rights by action of the corporation, and also that this question was argued in the lower court. But the objection which they make should have been taken by demurrer to plaintiffs' petition, or by answer thereto, and then the question would have properly come before us. We do not think that it was

competent for them to withold that kind of an objection, so that it was in no way in the record, and then come to this court and argue it. We do not know whether it was argued in the lower court or not. So far as we can see, it is first raised here. In the case of McLachlan. v. Incorporated Town of Gray, 105 Iowa, 259, which they rely upon, it is said: "If the facts as alleged were proper in kind, but merely insufficient, so that the want might have been supplied, a failure to demur would have precluded the objection of insufficiency now being raised." If they had raised the question by demurrer or answer, plaintiffs would have had an opportunity to amend, and introduce evidence of facts sustaining the allegation that proper steps were taken, but it does not appear that, in any way, they were called upon in the lower court to do so.

With reference to the compensation which the directors allowed to themselves, we find no authority for it. The general presumption is against the authority of directors to vote compensation to themselves. Elliott, Corporations, section 535. It may be true that, by special provision in the by-laws, directors may have this authority, but in this case no authority is given them. It is true that one article of the by-laws specifies that "salaries of officers and employes shall be determined by the board of directors," but we hold that directors are not officers, within the meaning of this provision. Our conclusion is strengthened by the fact that in another article it is said that "the directors and officers of the association shall be stockholders therein, and shall consist of a board of nine directors, a president," etc., which clearly evidences the intention to use the term "officers" as not including directors. The action of the directors in voting compensation to themselves was therefore without authority, and the money disbursed on that account was unlawfully disbursed.

The secretary, Hilton, was not a member of the board of directors. Neither was he the treasurer of the corporation. However, the entire assets of the corporation consisted, of moneys in his hands at the time of the vote of the board of directors ordering the disbursements complained of in this action. It is said that he held the money as receiver, but there is nothing in this record to show his appointment, nor whether he still continues to be receiver. The board no doubt had authority to provide beforehand for his compensation, but the court below evidently found that it had not done so, and we agree in this finding. The board had no authority afterwards to give him compensation beyond what was reasonable for the services rendered, and we think that the allowance made to him by the lower court amply covers all services rendered.

Without elaborate discussion of the evidence, which seems to have been rather voluminous, and is set out in full in the abstract, by question and answer, we reach the conclusion that the action of the court below was proper. In view of this conclusion on the merits, it is not necessary to consider a motion to dismiss the appeal which has been submitted with the case.—AFFIRMED.

WATERMAN, J., takes no part.