## C. J. KOPAN, Appellant, v. MINNEAPOLIS THRESHING MACHINE COMPANY, a Corporation, Respondent.

(166 N. W. 826.)

**Foreign corporation — threshing machine company —head office — of given territory — general manager or agent of — authority to do everything necessary, proper, and useful — in the ordinary course of its business — purpose of his agency.**

1. Where one, a foreign corporation, a threshing machine company, with its principal place of business at Hopkins, Minnesota, does business in other states, and has certain of other states arranged into particular territory in which there is maintained a head office in which there is a general manager, such as a territory comprising a part of North Dakota, Minnesota, and

NOTE.—For authorities discussing the question as to whether one having exclusive sales agency in a specified territory can recover commissions on a sale made by another outside that territory simply because the vendee is a resident of the territory, see note in 40 L.R.A.(N.S.) 971, on right of one having exclusive sales agency within given district, to commissions on sales made by another outside of the district to a resident thereof.

Montana, with head office at Grand Forks, North Dakota; and it appears that the authority and power of the manager in the head office in such territory extend to and include the making of contracts with the local agents in his territory for the sale of defendant's machinery, subject to the approval of the company; and, further, the authority and power to sell from the head office the machinery of the company, the defendant in this case,—such general manager and agent, having such authority to sell such machinery, under § 6340, Comp. Laws 1913, has authority to do everything necessary, proper, and useful in the ordinary course of business for effecting the purpose of his agency.

**Directed verdict — for defendant — questions of fact pending — for jury — error.**

2. Under the circumstances of this case, it was error to grant the request and motion of the respondent when both sides had rested, for a peremptory instruction to the jury, and for a directed verdict on behalf of the defendant, there being questions of fact involved in the case which should have been submitted to the jury and their verdict had thereon.

Opinion filed February 6, 1918.

Appeal from the judgment and order of the District Court of Grand Forks County, *Chas. M. Cooley,* J.

Reversed.

*J. F. T. O'Connor* and *Sveinbjorn Johnson,* for appellant.

Hypothetical questions should always embrace all the former testimony given upon the question in hand, and should not merely call for a critical opinion or review of the testimony. Link v. Sheldon, 136 N. Y. 1, 32 N. E. 696; Abbott, Civ. Trial Brief, 2d ed. 144 et seq.; Guiterman v. Liverpool, N. Y. & P. S. S. Co. 83 N. Y. 358.

The "scope of the business" of the respondent comprehended the sale of threshing machines in the territory of this agency, of which the manager or agent had full control so far as the usual and ordinary business of the respondent was concerned. Therefore admissions, declarations, or representations made by such managing agent in the sale of a threshing separator are binding upon the principal, when they are made at the time and as a part of the transaction. 2 C. J. 856; Edwards v. Thomas, 66 Mo. 468; Sidney School Furniture Co. v. Warsaw School Dist. 122 Pa. 494, 9 Am. St. Rep. 124, 15 Atl. 881; Franklin Bank v. Pennsylvania, D. & M. Steam Nav. Co. 11 Gill & J. 28, 33 Am. Dec. 687; Haven v. Brown, 7 Me. 421, 22 Am. Dec. 208; Conkling v. Standard Oil Co. 138 Iowa, 596, 116 N. W. 822.

The statements made to plaintiff by Wood, the agent, and the information given by Wood, were authorized by implication because they were the natural incidents to the position which the agent Wood occupied. Mechem, Agency, § 1780; Adams Exp. Co. v. Berry & W. Co. 35 App. D. C. 208, 31 L.R.A. (N.S.) 309; First Nat. Bank v. Stewart, 114 U. S. 224, 29 L. ed. 101, 5 Sup. Ct. Rep. 845; Burnham v. Grand Trunk R. Co. 63 Me. 298, 18 Am. Rep. 220; Hill v. Adams Exp. Co. 77 N. J. L. 19, 71 Atl. 683.

"If the party alleging the agency has made out a prima facie agency against the principal, any declarations made by the agent in the prosecution of and relative to the business contemplated by such agency are admissible against the principal." Peck v. Ritchey, 66 Mo. 118; Francis v. Edwards, 77 N. C. 271; Jones, Ev. 256; Comp. Laws, 1913, § 6340; 2 C. J. 939, 940; Lemcke v. Funck, 78 Wash. 460, 139 Pac. 234, Ann. Cas. 1915D, 23; Avery v. Turner, 3 Ala. App. 627, 57 So. 255; Missouri, K. & T. R. Co. v. Walden, — Tex. Civ. App. —, 46 S. W. 87; Harvey v. McAdams, 32 Mich. 472; Crawford v. Moran, 168 Mass. 446, 47 N. E. 132.

Corporations can only act through a natural person,—an agent,— and the public is entitled to the protection that any rule based upon this difference in the character of the principals affords. Merchants' Nat. Bank v. State Nat. Bank, 10 Wall. 604, 19 L. ed. 1008.

The term "manager" or "general manager" when applied to an agent suggests broad powers to act in behalf of his principal. It indicates one who has general direction and control of the affairs of the corporation at that particular point and for the territory embraced. It means, virtually, the corporation itself. Louisville, E. & St. L. R. Co. v. McVay, 98 Ind. 391, 49 Am. Rep. 770; Robert E. Lee Silver Min. Co. v. Omaha & G. Smelting & Ref. Co. 16 Colo. 118, 26 Pac. 326; Atlantic & P. R. Co. v. Reisner, 18 Kan. 458; Tourtelot v. Whithed, 9 N. D. 467, 84 N. W. 8; Sencerbox v. First Nat. Bank, 14 Idaho, 95, 93 Pac. 369; Mullin v. Sire, 34 Misc. 540, 69 N. Y. Supp. 953; Calhoon v. Buhre, 75 N. J. L. 439, 67 Atl. 1068; Raike v. Manhattan Rubber Mfg. Co. 127 Mo. App. 480, 105 S. W. 1100; Benesch v. John Hancock Mut. L. Ins. Co. 16 Daly, 394, 11 N. Y. Supp. 714; Cox v. Albany Brewing Co. 56 Hun 489, 10 N. Y. Supp. 213; Mechem, Agency, § 980.

Where a corporation intrusts a manager with general supervision of

its business in a given territory, it clothes such person with the authority of a general agent coextensive with the business intrusted to his care,. which is not limited by private instructions, so as to protect the corporation from liability for acts within the manager's ostensible authority. Anderson v. National Surety Co. 196 Pa. 288, 46 Atl. 306; American Car & Foundry Co. v. Alexandria Water Co. 218 Pa. 542, 67 Atl. 861;. Carrigan v. Port Present Improv. Co. 6 Wash. 590, 34 Pac. 148; Saunders v. United States Marble Co. 25 Wash. 475, 65 Pac. 782; 2 C. J. 569; Central Cartage & Storage Co. v. Cox, 74 Ohio St. 284, 113. Am. St. Rep. 959, 78 N. E. 371.

*McIntyre & Burtness,* for respondent.

The burden of proving authority of an agent to make a contract under which it is sought to bind the principal, as well as the burden of proving agency, rests upon him who claims under the contract and against the principal. Grant County State Bank v. Northwestern Land Co. 28 N. D. 479, 150 N. W. 736; Miller v. House, 67 Iowa, 737, 25 N. W. 899; Dispatch Printing Co. v. National Bank, 109 Minn. 440, 50 L.R.A. (N.S.) 74, 124 N. W. 236.

There is no difference in determining what facts shall constitute either actual or ostensible authority of an agent, whether he be acting for an individual or a corporation. Merchants' Nat. Bank v. Nichols & S. Co. 223 Ill. 41, 7 L.R.A.(N.S.) 752, 79 N. E. 38; New York P. & B. R. Co. v. Dixon, 114 N. Y. 80, 21 N. E. 110; Jones v. Williams, 139 Mo. 1, 37 L.R.A. 682, 61 Am. St. Rep. 436, 39 S. W. 486, 40 S. W. 353; Comp. Laws, 1913, §§ 6337 and 6338.

One dealing with a supposed agent is bound to ascertain the scope of his authority. Otherwise he assumes the risk and must abide the consequences. Cornish v. Woolverton, 32 Mont. 456, 108 Am. St. Rep. 598, 81 Pac. 4; Franklin F. Ins. Co. v. Bradford, 88 Am. St. Rep. 780, note, 1; Baker v. Seaweard, 63 Or. 350, 127 Pac. 961.

An agent can only contract for his principal within the limit of his authority. Swindell v. Latham, 145 N. C. 144, 122 Am. St. Rep. 430, 58 S. E. 1010; A. Blum Jr's Sons v. Whipple, 120 Am. St. Rep. 556, note; Moore v. Skyles, 33 Mont. 135, 3 L.R.A.(N.S.) 136, 114 Am. St. Rep. 801, 82 Pac. 799; Corey v. Hunter, 10 N. D. 12, 84 N. W. 570.

The declarations of an agent not made when acting within the scope of his agency are not binding on the principal. Rounseville v. Paulson,

19 N. D. 466, 126 N. W. 221; Gordon v. Vermont Loan & T. Co. 6 N. D. 455, 71 N. W. 556.

Custom and usage of the business or similar transactions are not proof of agency or authority to make a certain specific contract. Grant County State Bank v. Northwestern Land Co. 28 N. D. 479, 150 N. W. 736.

"A principal is bound by acts of his agent under mere ostensible authority to those persons only who have in good faith and without negligence incurred a liability or parted with value upon the faith thereof." Comp. Laws, 1913, § 6352.

GRACE, J. This action is brought by the plaintiff against the defendant for the purpose of recovering commissions claimed to be due the plaintiff by reason of his services claimed to be rendered to the defendant by assisting in rendering services to the defendant by, through, and under the direction of one Wood, the general manager for the defendant for a certain territory including part of North Dakota, part of Minnesota, and other territory; to one Gunderson, who purchased a Minneapolis separator from the defendant at the general office for such territory, which said office is located at Grand Forks, North Dakota.

The complaint is in the ordinary form for such kind of actions. The answer is in the form of a general denial, with the exception that it admits it is a foreign corporation.

The facts in the case are substantially as follows: The defendant is a foreign corporation, with its principal office at Hopkins, Minnesota. The defendant has an office at Grand Forks, North Dakota, which is the headquarters of the defendant for a large part of North Dakota and part of Minnesota and Montana. Mr. Wood is in the employ of the defendant, and as such employee has charge of the head office of the defendant at Grand Forks, and at the time of this action, and for several years prior thereto, had been the general manager of such territory. The defendant, in disposing of its machinery, does so largely through local agents located in some of the various towns within the territory. The general manager has charge of the territory. It appears it was part of his business and duty to make contracts with local dealers for the sale of the machinery of the defendant, and to submit such contracts to the home office at Hopkins, Minnesota, for

approval. His further duties were to make contracts with collectors, and to have supervision of other matters within his territory. It appears, also, that Wood as such general manager had charge of the sales of the machinery of the defendant within his territory, and had the authority to sell machines and to assist in making sales of machines within the territory. It appears that Wood, the manager of the head office at Grand Forks, North Dakota, had the right, authority, and duty to sell machines and to have supervision over the selling of the machines, and that he could also sell to persons desiring to purchase his machines even in a territory where there was a local agent of the defendant, where the purchaser did not desire, or for some reason would not, purchase from the local dealer.

In the summer of 1916, in June or July, the appellant went to the head office at Grand Forks and asked for the general manager, Mr. Wood, who appeared and talked with the appellant. The appellant informed Mr. Wood, the general manager, that he had a prospect then in the city to purchase a separator. Appellant inquired from Wood, the general manager, if he would be willing to pay him something if the appellant brought a customer for a separator, who purchased a separator. Mr. Wood told the appellant that depended on who the party was, and where he was from, whether he could give him anything or not. Kopan testified that "he [Wood] asked me where the man was from, and I told him he was from Leeds county, and he said, 'We have an agent there.'" Appellant then said: "This man won't deal with your agent up there. He seems to have a sore spot somewhere or other, and he says he won't deal with him." Mr. Wood says, "Well, in that case we can get around it and allow you what it is worth to make the sale." Mr. Wood denies that he used the words, "we can get around it and allow you what it is worth." Wood, the general manager, in effect claims that, before Kopan could be allowed any commission, he would have to enter into a salesman's contract with respondent, which contract would have to be approved in the home office.

The main question in this case is whether Wood, the general manager for the territory above mentioned, with office at Grand Forks, North Dakota, had the authority and power to make the agreement which it is apparent that he did make with Kopan, and thereby bind

his principal, the defendant, for the payment of the commission claimed to be earned by the appellant. If Wood, the general manager, had either the authority or power to enter into such agreement or arrangement, and the appellant acted upon and in pursuance of such agreement or arrangement, and thereby furnished or procured for the defendant a purchaser of the separator in question, with whom the sale was consummated, then the defendant is liable for the payment of such commissions as the appellant shows himself entitled to. There is no dispute but what Mr. Wood is general manager for a certain territory heretofore mentioned. We are of the opinion that this fact is fully established by the testimony.

The authority and power of Mr. Wood, the general manager, may be divided into two main divisions: (1) His authority and power to make contracts with the local agents in his territory, subject to the approval of the company; (2) the authority and power to sell from the main office machinery of his company, to supervise and look after salesmen and collectors, and to look after and file papers necessary to be filed, taken in settlement for machinery sold within the territory assigned to the general manager, Mr. Wood.

The respondent in its brief admits the authority and power of the general manager to sell threshing machines direct from the office at Grand Forks. Respondent's brief with respect to this matter reads as follows: "The only authority possessed by Mr. Wood, other than securing agents in the manner outlined, was to sell threshing machines direct from the office in Grand Forks, and to have charge of salesmen and collectors employed throughout his territory. That is, charge in the sense that he directed them where to go and what to do."

The respondent really concedes that Mr. Wood, the general manager, had no authority to appoint agents otherwise than as heretofore stated, and that the appellant was not so appointed. The agreement which Kopan had with Mr. Wood, the general manager, was not an agreement made by an agent appointed in the manner required by defendant. The appellant, strictly speaking, was not regularly and according to the requirement of defendant's agency contract really appointed defendant's agent. But even if it be true that appellant was not properly appointed defendant's agent and his appointment

confirmed by the defendant, this alone does not prevent appellant's right of recovery in this case.

A more serious question presents itself when we consider the right, power, and authority of Mr. Wood, the general manager, to make sales of threshing machines or the machinery of the defendant direct from the office at Grand Forks. It is conceded that such general manager had such right. If the general manager had such right, authority, and power, he also had the right to do all that was necessary, proper, and useful in the ordinary course of such business for the purpose of effecting the sales of threshing machines, or the machinery of his company, which was sold from the head office at Grand Forks.

Section 6340, Comp. Laws 1913, reads as follows: "An agent has authority: 1. To do everything necessary or proper and useful in the ordinary course of business for effecting the purpose of his agency, and, 2. To make a representation respecting any matter of fact not including the terms of his authority, but upon which his right to use his authority depends, and the truth of which cannot be determined by the use of reasonable diligence on the part of the person to whom the representation is made."

If Mr. Wood, the general manager, could do everything proper and useful for the purpose of selling the separator or threshing machine, it would seem that it would be proper for him to employ assistance in making the sale of the threshing machine, even though the person employed and who assisted in making the sale of such threshing machine could not be considered a regularly appointed agent of the defendant. It is apparent that Mr. Wood, the general manager, must have had a wide discretion in these matters, being manager of the head office at Grand Forks, having had the conceded right and authority to make sales from the head office at Grand Forks, of threshing machines. As we understand the record, purchasers of threshing machines were not always required to deal with defendant's agents in the local territory to which such local agents were assigned; but if such intending purchasers were dissatisfied with the local agent, or for any good reason did not care to deal with him, they could deal directly with the head office at Grand Forks, and purchase their machinery therefrom, and in that event the local agent of the territory in which the purchaser resided would not be entitled to a commission. Even though the

defendant has paid a commission on the sale of such machinery to the local agent of the territory in which such purchaser resided, that does not necessarily excuse him from paying a commission to the plaintiff under the circumstances in this case. Suffice it to say that the general agent, Mr. Wood, had the authority to make the sale of the separator from the head office. In making such sale he could do anything necessary, proper, and useful to effect the completion of the sale. If it were necessary to pay plaintiff a reasonable commission by reason of the plaintiff procuring such purchaser, General Manager Wood had the power, and, if not the express, at least the implied, authority to do so by reason of his being general manager for the defendant in the territory mentioned, and by reason of his having the conceded right to make sales of machinery from the head office. It necessarily follows, therefore, that the general manager, Wood, had the power and implied authority to do everything necessary, useful, and proper in and about making such sale of such machinery, including the power to arrange for a reasonable commission to any person who could assist him in making such sale, even though such person had not been regularly appointed an agent of the defendant in the manner we have before indicated. There is no dispute but that plaintiff brought Gunderson, the purchaser, to the office of the defendant at Grand Forks. It was further shown at such time the proposed purchaser would not deal with the agent in the Leeds territory. The defendant, therefore, was in position to deal with the purchaser, and did deal with him, and made a sale which was apparently very satisfactory. What was a reasonable commission under all the circumstances was a question of fact for the jury, to be established by competent testimony.

The appellant has assigned thirteen errors. We think it necessary only to consider fully one of such errors, this being assignment of error No. 12, which is as follows: "It was error to grant the request and motion of the attorney for the respondent when both sides had rested, for a peremptory instruction to the jury, and for a directed verdict on behalf of the defendant." The granting of the motion of the respondent for a directed verdict in this case is reversible error. It was for the jury to say, under all the testimony, facts, and circumstances of the case, what amount of commission plaintiff had shown himself entitled to, if any. The jury were also the exclusive judges of the

fact whether or not the plaintiff and the defendant through its manager Wood had entered into a contract whereby plaintiff was to receive a reasonable commission for his services in bringing such purchaser to the defendant's head office, where a sale was made to such purchaser of the machinery in question.

Upon examination of errors 2, 3 and 4, which have reference to the exclusion of the testimony sought to be introduced by plaintiff, tending to show that Wood was the general manager for the defendant, we are of the opinion that it was error for the court to exclude such testimony. Any testimony which would show or tend to show that Wood was the general manager for the defendant for the territory heretofore mentioned, with the head office at Grand Forks, North Dakota, was competent and proper testimony, and showing or tending to show the power or implied authority of Wood, the general manager of the defendant, to enter into and make the agreement which the plaintiff claims was made, with reference to paying him a reasonable commission for procuring a purchaser for the machinery in question.

Considering assignment of error No. 8, we are of the opinion it was error to exclude the testimony which showed or tended to show that the purchaser had difficulty with the local agent. This testimony would show or tend to show the power and authority of the manager, Wood, to make the sale from the head office at Grand Forks, which he did make.

The judgment is reversed and the case is remanded for a new trial.

ROBINSON and CHRISTIANSON, JJ., concur in result.