G. A. BENNETT, Appellee, v. KLIPTO LOOSE LEAF COMPANY, Appellant.

**CORPORATIONS:** Directors—Compensation—Unallowable Determination. A corporate director may not have his salary fixed by his own deciding vote.

Headnote 1:    14a C. J. p. 143.

*Appeal from Cerro Gordo District Court.*—C. H. KELLEY, Judge.

FEBRUARY 9, 1926.

ACTION at law by plaintiff to recover from the defendant-corporation the sum of $1,500, which it is alleged is due him for services as president and manager. The material facts are stated in the opinion. The cause was tried to a jury, resulting in a verdict in favor of the plaintiff in the amount prayed. From the judgment entered thereon, the defendant appeals.—*Reversed*.

*Smith & Feeney* and *Blythe, Markley, Rule & Clough*, for appellant.

*E. B. Stillman*, for appellee.

DE GRAFF, C. J.—This appeal presents one primary proposition: Was the action of the directors of the defendant-corporation in fixing their own salaries as officers illegal and void?

This defensive claim arises by reason of an allegation contained in the answer of the defendant, and it was made a ground in the motion of defendant for a directed verdict.  The trial court overruled the motion.

The defendant Klipto Loose Leaf Company is a corporation organized under the laws of the state of Delaware, and authorized to do business in this state as a foreign corporation.  We are not concerned with its early history and organization, except to state that, at the first meeting of the stockholders and incorporators, the plaintiff G. A. Bennett, M. E. Ferguson, B. C. Way, F. E. Johnson, G. C. Bennett, and R. I. Jacobs were elected directors of the corporation.  On or about June 9, 1923, a directors' meeting was held in Mason City, Iowa, for the purpose, as stated in waiver of notice thereof, of electing officers, of authorizing the purchase of property, and of transacting such other business as might be necessary or advisable, to facilitate and complete the organization of the new corporation.  This waiver was signed by four of the directors, to wit, the plaintiff Bennett, Way, Ferguson, and Johnson.  The record does not disclose that the other directors had any notice whatsoever of the meeting.

At this meeting a resolution was adopted, fixing the salaries of the directors, as officers, for the ensuing year, to wit: that of plaintiff, as president and manager of the sales department, in the sum of $7,000, payable monthly, in twelve equal installments; that of M. E. Ferguson, as vice president and general manager, in the sum of $7,000, payable in like manner; that of F. E. Johnson, as secretary, in the sum of $600.  There is no question, under the record, but that the three director-officers voted for the resolution.  The plaintiff himself testified:

"Mr. Ferguson, Mr. Johnson, and myself fixed my salary and Mr. Ferguson's at $7,000, and Mr. Johnson's at $600."

The evidence does not disclose that Mr. Way voted for the resolution, except inferentially, by the recital in the minutes of the secretary that the resolution was unanimously adopted.  The minutes, however, do not show who offered the resolution, who seconded same, or whether Mr. Way was present when the vote was taken.  Mr. Way testified:

"I think I was not present when the first salaries were voted."

Before passing to a discussion of the law applicable to the controlling proposition involved herein, further facts may be stated, in order to understand the basis of plaintiff's cause of action.

It appears that, about three months subsequently to the adoption of the initial resolution fixing salaries, an agreement was mutually entered into among the same director-officers, to reduce the salaries of the plaintiff and M. E. Ferguson for the balance of the fiscal year to $5,000 per annum, and to eliminate the salary of F. E. Johnson, as secretary. Pursuant to this agreement, the plaintiff, as president, and M. E. Ferguson, as vice president, were each paid, for the remaining months of the year, a monthly salary on the agreed basis, which was accepted by them without comment or protest, and F. E. Johnson, as secretary, received no further salary, although he continued to act as secretary.

In the petition of plaintiff it is alleged that it was agreed that:

"He [Bennett] would only draw at the rate of $5,000 per year for the balance of the year, but that at the end of the year the cash was to be paid him, or, at his option, he would take shares of stock in the company for the difference between the amount due him at the rate of $7,000 per year and the amount paid him."

It is for this difference that plaintiff commenced this action.

The evidence presents a conflict as to the terms of the agreement, and it is the claim of the defendant in answer that the mutual agreement between the director-officers for the reduction of salaries was due to the financial status of the corporation, and that no condition was attached to the agreement, and "that, by reason of such payments so made and accepted, the plaintiff waived any right or claim to any other or further sum on account of said salary."

It is undisputed that the other two officers carried out the agreement as claimed by the defendant. Both Ferguson and Johnson testified that there was no talk whatsoever that the difference between $5,000 and $7,000 was to be deferred, and

paid at some future time to Bennett. It was for the jury to determine, under a proper instruction, whether the mutual agreement pleaded was as claimed by the plaintiff or by the defendant.

We now revert to the law bearing on the primary question in this case. It is well settled that the directors of a corporation occupy a fiduciary relationship to the stockholders, and cannot fix their own salaries, either as directors or officers, so as to bind the corporation. 14a Corpus Juris ·143. Compensation voted to an officer of a corporation is illegal, if the resolution fixing such compensation is carried by his vote. *McNulta v. Corn Belt Bank,* 164 Ill. 427 (45 N. E. 954, 56 Am. St. 203); *Voorhees v. Mason,* 245 Ill. 256 (91 N. E. 1056). Directors cannot fix the value of their own services to the corporation. *Davis v. Thomas & Davis Co.,* 63 N. J. Eq. 572 (52 Atl. 717). See, also, *McKey v. Swenson* (Mich.), 205 N. W. 583. In the case at bar it is clearly shown that the salaries voted by the directors to themselves, as officers, were excessive, and more than the corporate business would bear.

A trustee, for his own private advantage, may not do that which shall place him in a position in which his interest is antagonistic to that of the beneficiary. 4 Fletcher's Cyclopedia of Corporations, Section 2752. It is said in 2 Thompson on Corporations (2d Ed.), Section 1720:

"* * * It is almost universally held that directors, acting as such at their meetings, have no power to vote themselves salaries or compensation for their services, either before or after such services have been rendered. The purpose of the law is said to be to guard against the greed of directors and officers, to prevent them from rewarding themselves for services which they hope they may be able to perform by virtue of their official position."

See, also, *Clark v. American Coal Co.,* 86 Iowa 436 (17 L. R. A. 557); *Schoening v. Schwenk,* 112 Iowa 733.

Under the record before us, we reach the conclusion that the vote of each of the interested directors, respectively, was the controlling vote in the adoption of the resolution fixing his own salary. It follows, therefore, that the claim of plaintiff is predicated upon a void resolution. The court should have

sustained defendant's motion for a directed verdict. However, we do not foreclose plaintiff on the fact proposition, in the event of a retrial of the cause.

The judgment entered by the trial court is—*Reversed*.

STEVENS, FAVILLE, and VERMILION, JJ., concur.