A. E. SCHULTE, Appellee, v. IDEAL FOOD PRODUCTS COMPANY, Appellant.

No. 39521.

JUNE 24, 1929.

*L. D. Dennis,* for appellant.

*Johnson, Donnelly & Lynch* and *E. C. Barber,* for appellee.

FAVILLE, J.—This is the second appeal of this case. The opinion on the former appeal is reported in 203 Iowa 676. The facts are detailed at length in the former opinion, and we deem it unnecessary to repeat them at this time. In a general way, the evidence was substantially the same upon this trial as upon the former appeal.

I. The appellant moved the court for a directed verdict, and the motion was overruled, and the cause submitted to the jury. Error is predicated upon the action of the court in over-  ruling said motion. For the consideration of the proposition of law presented at this point, we review briefly a few of the material facts in the case, specific reference being made to the former opinion for a more detailed recital. One Strasburger owned a majority of the stock of the appellant corporation. He died in December, 1922. His wife succeeded to the ownership of the shares of stock held by Strasburger. The next largest stockholder was the wife of one Bennett. Appellee was in the employ of the corporation at the time of Strasburger's death. Bennett became general manager of the corporation when Strasburger died. Shortly after Strasburger's death, appellee became a stockholder in the corporation, and owned one share of stock. Acting on the advice of Bennett and her attorney, Mrs. Strasburger transferred all of her shares of stock to one Tschapplitt, who in turn gave a proxy to the attorney for Mrs. Strasburger to vote said stock at a stockholders' meeting. Such stockholders' meeting was held on or about January 1, 1923. At that time, a board of directors was elected, consisting of the appellee

and four other persons. At this meeting, the appellee was also elected vice president of the company. It appears that, following the stockholders' meeting, the board of directors held a directors' meeting. Previous to the stockholders' and directors' meetings, it appears that, at the suggestion of Bennett, who was then acting as manager of the corporation, the attorney holding the proxy for the Strasburger or Tschapplitt stock had prepared a resolution, and at the said directors' meeting, the appellee presented said resolution, which was adopted by the board of directors. Said resolution is as follows:

"Resolved that Henry Bennett be continued as manager for the ensuing year, of the Ideal Food Products Company (Del.) and that he, as such manager, is hereby delegated general powers to manage the business and affairs of the company, to hire employees and fix the pay and salaries thereof, including his salary, and the right to discharge such employees, to purchase goods for manufacturing purposes, to make or authorize sales thereof, and to carry out the method and plans of conducting the company's business adopted in the past, and is authorized to draw checks on moneys deposited in the bank or elsewhere, and to do all things necessary with a view of carrying out the object of the company, and as in his judgment may seem best."

It is the contention of the appellee that, under this resolution, Bennett orally employed the appellee to perform services as manager of said corporation; and this action is brought to recover a balance claimed to be due under said oral contract of employment. It also appears that Bennett fixed his own salary, and withdrew large sums from the company, a portion of which, by a subsequent suit, he was compelled to return.

By its motion for a directed verdict, the appellant raised the legal question that the alleged oral contract of employment upon which the appellee bases his right of recovery was not binding upon the appellant corporation, because the same constituted a wrongful attempt by the directors of the corporation to pay one of their own number a large amount of the company's earnings, under the guise of a salary or bonus; that no such power was granted to the directors of the corporation or its manager by the stockholders of the corporation, or allowed or permitted under its articles of incorporation or its by-laws. In other words, it is the

contention of the appellant that the board of directors could not legally delegate to Bennett, as manager of the corporation, the power to hire a member of the board of directors as an employee of said corporation and to fix and pay the salary of such employee.

The appellant invokes the general rule that the directors of a corporation have no authority to vote compensation to themselves. We have recognized this general rule. *Schoening v. Schwenk*, 112 Iowa 733. In the recent case of *Bennett v. Klipto Loose Leaf Co.*, 201 Iowa 236, we reviewed the authorities recognizing the general rule that the directors of a corporation cannot legally vote themselves salaries or compensation for their services, unless specially authorized so to do. This is especially true where it is shown that the salaries voted by the directors to themselves as officers are excessive, and more than the corporation business should bear.

In the instant case, however, we do not have a situation where the directors voted salaries to themselves, as officers of the corporation. The directors elected Bennett as manager of the corporation, and by resolution clothed Bennett with power to engage employees to work for said corporation, and to fix and pay the salaries therefor. The appellant contends that the adoption of this resolution, which was prepared at the instance of Bennett, and was offered at the meeting of the board of directors by the appellee, was a subterfuge, and part of a conspiracy to enable the appellee, under the guise of such employment, to filch large sums from the treasury of the corporation. The contention of the appellant that there were fraud and conspiracy in the employment of appellee presented a fact question, for the determination of the jury. The question of law presented by appellant's motion for a directed verdict is, in the last analysis, whether or not a board of directors has legal authority to delegate to a manager of a corporation power and authority to employ agents and employees to work for said corporation, and to fix the salaries of such employees, when a party so employed is also a director in the corporation. The question thus presented is one of law, and must be so deemed, for purposes of the motion for directed verdict, regardless of the question of fact as to whether or not the parties acted fraudulently in relation to said matter.

It is a well established rule that the directors of a corporation are charged with the general management of the business affairs of said corporation. In a very broad and general way, it is a generally recognized rule that the board of directors of a corporation may delegate to agents of their own appointment the performance of acts which they themselves, as directors, can legally perform. This is especially true where the delegated acts are ministerial in character. The duties of the board of directors are often, if not usually, fixed by the articles of incorporation and the by-laws of the corporation. The articles of incorporation and by-laws of the appellant corporation are not of record in this case. It is not uncommon for a board of directors to delegate certain powers to an agent or officer of the corporation, such as an executive committee or a general manager; and such powers, when not restricted by the articles of incorporation or by-laws, and when they do not involve the exercise of the discretionary powers of the board of directors themselves, are generally held to be properly delegated, and the acts of such delegated agent are binding on the corporation. Such is the general rule. *Whitaker v. Kilroy,* 70 Mich. 635 (38 N. W. 606) ; *Valley Lbr. Co. v. McGilvery,* 16 Ida. 338 (101 Pac. 94) ; *Wainwright v. P. H. & F. M. Roots Co.,* 176 Ind. 682 (97 N. E. 8) ; *Kopan v. Minneapolis Threshing Mach. Co.,* 39 N. D. 27 (166 N. W. 826) ; *Manross v. Uncle Sam Oil Co.,* 88 Kan. 237 (128 Pac. 385) ; *Hawley v. Gray Bros. Artificial Stone Pav. Co.,* 106 Cal. 337 (39 Pac. 609).

The foregoing cases, to which others might be added, illustrate in a variety of ways the application of the general rule of the power of the board of directors in good faith to delegate to an agent authority to perform certain acts for the benefit of the corporation.

Under the record in this case, we conclude that the board of directors of the appellant corporation are not shown to have been circumscribed by any limitation in the articles of incorporation or by-laws of the corporation in the legal right to employ a manager of said corporation and to delegate to said manager the power and authority to employ agents and employees of said corporation and to fix the salaries of said employees. Did the fact, then, that the manager, under said resolution of authority, employed the appellee, who was, at the time, a director in the corporation, render the contract of employment invalid? Appel-

lant contends that this was only an indirect method by which the appellee, as a director, fixed his own salary. It does not affirmatively appear that appellee, as a director, voted for the resolution delegating to Bennett the power to engage employees and fix their salaries; but, inasmuch as appellee offered the resolution to the board of directors, we assume that he acquiesced affirmatively in its adoption. If it was adopted in good faith, and without fraud, could the manager, under the broad powers given him, and while acting in good faith, employ a director of the company to render services to the corporation and fix his compensation for such service? We do not think it can be said, as a matter of law, that the employment of the appellee, although he was a director of the corporation, was invalid. Conceding the general rule that directors cannot fix their own salaries unless authorized so to do by the charter or by-laws of the corporation, or by action of the stockholders, we do not think such rule is applicable under the facts of the instant case. The board of directors duly adopted the resolution empowering the manager to engage employees and fix their salaries. There was no attempt to fix the salary or compensation of the appellee as a director. He was employed to render services entirely distinct and separate from his duties as a director. It is for compensation for such services that this action is brought. It is a customary thing for a board of directors to elect one of their own number as president or other officer or employee of the corporation, and to fix the salary of such officer or employee. Such an act is not illegal unless made so by some provision of the rules governing the corporation. The contract of employment in such a case is not *ipso facto* illegal.

It is to be remembered at this point that we are discussing merely the question of the legal power of the board of directors of the appellant to delegate to Bennett, as manager, the power to employ agents and fix salaries, and the legality of his employment of a director of the corporation under such authority. We are assuming at this point that the jury found, under the record in this case, that the acts of the board of directors and of the general manager and the appellee in regard to said matter were all done in good faith, and without fraudulent purpose or intention. We hold that the contract of employment of appellee by the general manager was not invalid and void, as a matter of law, merely from the fact that appellee was, at the time, a di-

rector in the appellant corporation, and that the court did not err in overruling the motion for a directed verdict on said ground.

II. As a separate division of appellant's answer, it was alleged, in substance, that appellee and Bennett entered into a scheme and collusion to manipulate the business of the corpora-tion to their own interests and benefit; that the appellee offered the resolution referred to at the directors' meeting; and that the same had been drawn at the instance and request of Bennett, and was adopted, and immediately thereafter, Bennett and the appellee claim to have entered into the alleged oral contract upon which suit is brought. Then follow allegations that the contract was unreasonable and detrimental to the interests of the corporation and its stockholders, and various recitals with regard to sums drawn by appellee and Bennett from the corporation; and it is alleged that all of said sums were obtained by Bennett and appellee as a part of said scheme and collusion by them to unlawfully and illegally obtain money from said corporation, and that the claim of the appellee is a part of said scheme and collusion of appellee and said Bennett. The court instructed the jury as follows:

"You are instructed that it affirmatively appears in this record that the board of directors of the defendant company, on or about January 1st, 1923, passed a resolution which has been identified as plaintiff's Exhibit No. 1, authorizing Henry Bennett, as its manager, to employ all help and fix the compensation of those employed by him for the defendant; and you are further instructed that the acts and contracts of the said Henry Bennett, while acting under said resolution, are or were the acts and contracts of the defendant company, and the defendant company is bound thereby.

"It further affirmatively appears that the plaintiff herein, A. E. Schulte, was a director, and Henry Bennett was an officer, of the defendant company, at the time the oral contract under which plaintiff claims, is alleged to have been entered into, and for that reason sustained fiduciary relations to said company; and you are instructed that they were not at liberty to make contracts beneficial to themselves without having such contracts subjected to

the test of reasonableness and good faith; and this rule you must keep in mind in applying the rule laid down in the first paragraph of this instruction.''

The first paragraph of said instruction is challenged by the appellant. The basis of this challenge is substantially that the court therein told the jury that the resolution in question had been adopted by the board of directors, and that ''the acts and contracts of the said Henry Bennett, while acting under said resolution, are or were the acts and contracts of the defendant company, and the defendant company is bound thereby.'' Appellant's complaint is that the court in this instruction assumed, as a matter of law, that the resolution of the board of directors was legally adopted, and that the acts and contracts of Bennett, as manager, made in pursuance of said resolution, were binding upon the corporation. Appellant contends that, in so assuming, the court erred, because of the fact that, under the issues as tendered by the appellant, the legality of the resolution itself was challenged, because of appellant's claim that the adoption of said resolution was procured by reason of a scheme and collusion entered into between Bennett and the appellee. We are constrained to acquiesce in this contention of the appellant's. It was a question for the jury to determine whether or not the resolution was adopted by the board of directors in good faith, or whether it was a part of a fraudulent scheme and collusion between Bennett and the appellee. Under the instruction, the court told the jury, in effect, that, as a matter of law, the resolution was legally adopted, and that it was binding upon the corporation. This would not be true if the jury found that appellant's contention was sustained, to the effect that the resolution itself was a part of a fraudulent and collusive scheme between appellee and Bennett. In other words, the court erred in telling the jury, as a matter of law, that the resolution was legally adopted, and that all of the acts done thereunder were binding upon the corporation. The court should have submitted to the jury by proper instruction the question as to whether or not the resolution itself was adopted by the board of directors as a part of a fraudulent scheme and collusion between the appellee and Bennett. The question at this point, under the issues as made, was a fact question, and the court could not assume, as a matter of law, with the

issues thus tendered, that the resolution was free from any taint of fraud or collusion, and that the acts of Bennett thereunder were binding upon the corporation. As the instruction was framed, it gave the jury the right to assume, as a matter of law, that the resolution was legal and binding upon the corporation, and that the sole question for it to determine at this point was whether the contract sued upon was subsequently entered into in good faith between Bennett and the appellee.

In this connection it is also proper to observe that the court failed to instruct the jury at any point upon the defense of fraud and collusion, as pleaded by the appellant. This should have  been done. *Overhouser v. American Cereal Co.,* 128 Iowa 580; *Freeby v. Town of Sibley,* 183 Iowa 827. We hold at this point that the court erred in giving said Instruction No. 5, and also in failing to submit to the jury by proper instruction the issue of fraudulent scheme and collusion, as pleaded by appellant.

III. Instruction No. 2, as given by the trial court, is challenged by the appellant. It is in part as follows:

"* * * before he (appellee) can recover, he must so show by the evidence:

"First. That the oral contract referred to by the plaintiff, as set out in the statement of the issues, was entered into, and that he performed services thereunder substantially as set out in said statement of the issues.

"Second. That said oral contract, if any, was reasonable, and made in good faith by the manager, Henry Bennett, on behalf of the defendant, the Ideal Food Products Company.

"If the plaintiff has established both of the foregoing propositions by the preponderance of the evidence, then your verdict must be for the plaintiff."

Complaint is made that the instruction did not refer to the good faith of the appellee in entering into the contract, but only to the good faith of the manager, Bennett. In said instruction  the court was telling the jury the things that the appellee must establish in the first instance before he could recover. To make a prima-facie case, the appellee was not required to affirmatively show his own good faith in entering into the contract. But

the court told the jury that, if the appellee had established the things upon which he carried the burden, then "your verdict must be for the plaintiff." This was not a correct conclusion. Even though the appellee did establish the matters set forth in this instruction, it was not true that, if these were found, the verdict "*must be*" for appellee. This would be true unless the jury found that appellant had sustained its defense, which defense involved the question of "good faith" of the appellee. Other instructions do not obviate the error at this point. We think it was prejudicial.

IV. Error is predicated upon the admission of certain testimony respecting salaries paid former employees of the appellant. Appellant pleaded that the contract claimed by appellee in pro- viding for a salary based upon the gross sales of the corporation, and not its net profits, was unreasonable and unconscionable. The evidence complained of was admitted solely as bearing upon the question of the reasonableness of the contract claimed by appellee. We think it was admissible for that purpose.

For the reasons pointed out, the judgment must be—*Reversed.*

ALBERT, C. J., and STEVENS, DE GRAFF, and MORLING, JJ., concur.