THE PEOPLE *ex rel.* John Goedtner, County Treasurer,

*v.*

E. H. PEDERSON *et al.*

*Opinion filed December 20, 1905—Rehearing denied April 11, 1906.*

1. RES JUDICATA—*when proceeding is not res judicata as to legality of village organization.* A judgment of the Supreme Court reversing a judgment of ouster against village officers upon the ground that one of the pleas, to which a demurrer was sustained, would, if established, constitute a valid defense, the proceeding, however, being dismissed after the cause was re-docketed on remandment, is not an adjudication that any organization of the village had after the judgment of ouster was entered is illegal.

2. COLLATERAL ATTACK—*power of de facto municipal corporation to levy taxes cannot be collaterally attacked.* Where a village is shown to be a *de facto* municipal corporation, its power to levy taxes for municipal purposes authorized by law cannot be questioned in a proceeding to collect the tax.

3. SAME—*what evidence not competent in proceeding to collect tax.* In a proceeding to collect a tax levied by a village having a proper certificate of organization, proof that such village included within its limits the territory of a prior municipal corporation is incompetent, as constituting a collateral attack upon the organization of such village.

4. MUNICIPAL CORPORATIONS—*when acts of officers of de facto municipal corporation are binding.* Acts of the officers of a *de facto* municipal corporation are binding when they would be within the power of such officers if the municipal corporation were one *de jure.*

APPEAL from the County Court of LaSalle county; the Hon. W. H. HINEBAUGH, Judge, presiding.

This was an application by the county collector of La-Salle county, made to the county court of that county, for judgment and order of sale against certain property belonging to the appellees, claimed to be delinquent on account of unpaid taxes for the year 1904, extended against said property by virtue of an appropriation ordinance and tax levy ordinance passed by the village of Sheridan. The appellees filed written objections questioning the validity of the tax on the ground that their lands were not included within the corporate limits of the village of Sheridan, and were therefore not subject to the village tax extended against them. Upon the hearing before the county court the parties stipulated that the facts are as follows, but reserved the right to object to the competency thereof as evidence:

On July 26, 1873, a municipal corporation known as the village of Sheridan was incorporated under the laws of this State. The lands of the objectors were included within the corporate limits of said village, but were afterwards, and prior to March 5, 1902, legally disconnected therefrom. On the last mentioned date the State's attorney of LaSalle county filed in the circuit court of said county a petition for leave to file an information in the nature of a *quo warranto* against the persons then holding the offices of president and trustees of the village of Sheridan, for the purpose of ousting the said president and trustees from office and declaring the organization of the village null and void. Leave was granted, the information was filed, and on March 18, 1902, a judgment was entered finding that said village was not duly and legally organized, and ousting the said president and trustees from office. No appeal was prayed or taken from this judgment, but in August, 1903, the cause was brought to this court by writ of error, and on December 16, 1903, the judg-

ment of the circuit court was reversed and the cause remanded to the circuit court with directions to overrule the demurrer to one of the pleas filed to the information. (*Soule* v. *People*, 205 Ill. 618.) Upon the remanding order being filed the cause was re-docketed in the circuit court, and was afterwards, on April 22, 1905, dismissed by the State's attorney. After the entry of the judgment of ouster in the circuit court the president and board of trustees ceased holding municipal meetings, and from that time up to April 28, 1903, no corporate business was transacted.

After the entry of the judgment of ouster, and before the last mentioned date, a petition, in due form and with the requisite number of signers, was presented to the county court of LaSalle county praying for the organization of the village of Sheridan. Thereafter such proceedings were had that on April 28, 1903, which was about four months before the writ of error above mentioned was sued out of this court, the county court of LaSalle county entered an order finding said village of Sheridan to be duly incorporated. The territory contained in the village thus incorporated included all the lands in the original village of Sheridan, and in addition thereto the lands of the objectors which had been theretofore disconnected from said original village. The new corporation included eleven adults and fourteen children who did not reside upon territory included within the old village. On May 26, 1903, an election was held within the new village and a president and six trustees were elected, and they and their successors have since performed the duties of their several offices. On June 17, 1903, the Secretary of State issued a certificate to the effect that the village of Sheridan was duly incorporated on April 28, 1903.

The taxes objected to were extended by the county clerk of LaSalle county upon a certified copy of a tax levy ordinance duly passed by the acting president and board of trustees of the new organization of said village.

Upon the hearing in the county court the county collector objected to the competency, as evidence, of all facts, stated in the stipulation, existing prior to the incorporation of the village of Sheridan on April 28, 1903. The court overruled this objection of the county collector and admitted all facts shown by the stipulation in evidence.

The certificate of the Secretary of State, dated June 17, 1903, to the effect that the village of Sheridan was legally organized and incorporated on April 28, 1903, as a village under the laws of the State of Illinois, was also introduced in evidence by the county collector, as well as the formal proof prescribed by the statute to be made upon application for judgment for delinquent taxes.

The county court entered judgment sustaining the objections of the appellees and abating all of the village taxes extended against their land. This appeal is prosecuted from that judgment by the county collector in the name of the People of the State of Illinois.

C. S. CULLEN, and McDOUGALL & CHAPMAN, for appellant.

BROWNE & WILEY, and JOHN H. ARMSTRONG, for appellees.

Mr. JUSTICE SCOTT delivered the opinion of the court:

The only question arising upon this record is whether the facts contained in the stipulation constitute a bar to the collection of the tax.

Appellees' defense in the court below was, that the village of Sheridan organized in 1903, which was the one that included their lands, had no existence because of the fact that a prior corporation of the same name and organized under the same statute occupied all of the territory included in the former except a small part, containing only eleven adults and fourteen children. The record of proceedings in

the nature of *quo warranto* instituted against the prior cor-
poration was introduced for the purpose, as it is said, of
showing that the prior corporation had been judicially deter-
mined to be a valid one, and the one last formed, therefore,
an illegal one. Appellant contends that this constituted a
collateral attack upon the organization of the corporation
formed in 1903 and that the evidence received to establish
the defense was therefore incompetent, while appellees deny
that such defense and evidence can be so regarded. Their
contention is, that the effect of the reversal of the judgment
of ouster by this court in *Soule* v. *People,* 205 Ill. 618,
amounted to a determination and adjudication that the incor-
poration of the village in 1903 was illegal and void *ab initio.*

The judgment of reversal of this court in *Soule* v. *Peo-
ple, supra,* had no such effect as that contended for by appel-
lees. The only thing there decided was, that the second plea
of the respondents interposed to the information, if estab-
lished by evidence, constituted a bar to the proceedings
brought to oust the president and trustees from office on
account of irregularities in the incorporation of the village.
The merits of the case had not been determined in the circuit
court and were not before this court. Whether or not the
village of Sheridan organized in 1903 was properly organ-
ized was not there before this court, and no adjudication
upon that question could have been made. The case was
reversed and remanded with directions to the circuit court
to overrule the demurrer to the second plea, and the cause
was re-docketed in the circuit court, where, after subsequent
pleading by both parties, the suit was, on April 22, 1905,
after the levy of the taxes in question, dismissed by the
State's attorney of LaSalle county. This termination of the
suit left the parties thereto in the same situation as though
it had never been brought, except that the president and
trustees who had been ousted from office by the judgment of
the circuit court had, after the entry of that judgment, ceased
the performance of any municipal duties, and, so far as the

record in this case shows, did not upon the final disposition of the case either resume or seek to resume their respective offices.

It is manifest that the record of the proceedings against the president and trustees of the village organized in 1873, including the reversal by this court of the judgment entered therein, did not show an adjudication that the organization of the village of Sheridan in 1903 was illegal and void.

The incorporators of the village formed in 1903 had proceeded in apparent conformity to a valid statute in organizing. The Secretary of State had issued a certificate to the effect that the new village was duly incorporated. It had elected officers and performed other functions of government granted to corporations by the statute under which it was organized. One of these functions is the raising of revenue for municipal purposes. It proceeded in compliance with the statute in levying the tax which is the subject matter of this suit. It was clearly a corporation *de facto,* and was in the exercise of a right, when it levied the tax, which cannot be questioned in a collateral proceeding. *People* v. *Dyer,* 205 Ill. 575; *President and Trustees* v. *Thompson,* 20 id. 197; *Louisville, New Albany and Chicago Railway Co.* v. *Shires,* 108 id. 617; *Hudson* v. *Green Hill Seminary,* 113 id. 618; *Bushnell* v. *Consolidated Ice Machine Co.* 138 id. 67; *American Trust Co.* v. *Minnesota and Northwestern Railroad Co.* 157 id. 641.

The only mode by which the legality of a *de facto* municipal corporation can be inquired into is by information in the nature of *quo warranto.* It cannot be done in a collateral proceeding. *Trumbo* v. *People,* 75 Ill. 561; *Coles County* v. *Allison,* 23 id. 437; *Town of Geneva* v. *Cole,* 61 id. 397; *Village of Nunda* v. *Village of Chyrstal Lake,* 79 id. 311; *People* v. *Newberry,* 87 id. 41; *Alderman* v. *School Directors,* 91 id. 179; *Osborn* v. *People,* 103 id. 224.

It follows, therefore, that where a village is shown to be a *de facto* corporation, its power to levy taxes for municipal

purposes which are authorized by law cannot be questioned in a proceeding brought to enforce the collection of such taxes. *People* v. *Dyer, supra.*

The cases cited by appellees to support their contention that the corporation formed in 1903 is illegal and void because it included the territory of the prior village, are cases where the question arose in proceedings in the nature of *quo warranto,* and are not applicable here.

Appellees devote a large part of their argument to attempting to establish the proposition that the officers constituting the body which levied the tax were not officers *de facto* of the corporation last organized because there were no offices *de jure* to fill. It is sufficient to say in answer to that contention that the acts of the officers of a *de facto* corporation are binding when such acts would be within the power of such officers if the corporation were one *de jure.* The authorities cited by appellees on this proposition, to the effect that a person who assumes to exercise the duties of an office which does not exist or which has been created by an unconstitutional statute is not even an officer *de facto* because there is no office *de jure,* are not in point.

The appellees' contention that the officers who levied the taxes for the year 1904 were acting for the corporation organized in 1873 is not supported by the evidence. The evidence shows that they were officers of the village organized in 1903.

For the reasons above stated the county court erred in sustaining the objections of the appellees to the tax. The judgment will therefore be reversed and the cause will be remanded to the county court of LaSalle county, with directions to overrule the objections filed by appellees to the tax and to enter judgment against the lands of appellees for the amount of delinquent taxes, penalties and costs as may appear to be due.

*Reversed and remanded, with directions.*