STATE OF IOWA, EX REL. PEARL HIGBY ET AL. BY CHARLES J. WILD, next friend, Appellants, v. THE HIGBY COMPANY, Appellee.

**Corporations:** POWER TO ACT AS TRUSTEE. Where a corporation is 1 organized according to law and authorized by its charter to act as a trustee, it may hold its own stocks in trust for the beneficiaries named by the donor in the trust, even though there is no express statute empowering a corporation to act in a fiduciary capacity.

**Quo warranto.** Quo warranto is not the proper proceeding to prevent a corporation duly organized from acting as trustee of an express trust, as the matter is not one of public concern.

*Appeal from, Black Hawk District Court.*— HON. A. S. BLAIR, Judge.

WEDNESDAY, MARCH 7, 1906.

*Quo warranto* proceedings to test defendant's power and authority to administer a trust. The trial court dismissed the petition, and plaintiffs appeal.— *Affirmed.*

*Alfred Grundy,* for appellants.

*Courtwright & Arbuckle,* for appellee.

DEEMER, J.— Defendant is a corporation for pecuniary profit, organized under the laws of this State permitting the formation of such artificial bodies for the transaction of any lawful business, and giving them power to acquire and transfer property, " possessing the same powers in such respects as natural persons." See Code, sections 1607, 1609. The general nature of its business, as defined by its articles, was " owning, buying, selling, renting, and otherwise handling real estate for pecuniary profit, with power to act as trustee, to hold real and personal property, including shares in itself, for any person capable of becoming a member, in trust, but in such cases the consent of the directors must be obtained; " and to do any other business not inconsistent with its articles, when deemed wise and prudent, with the consent of each of the directors.

About August 21, 1904, and after the organization of the corporation, Alice M. Higby, one of the stockholders, and the president of the corporation made, executed, and delivered to defendant a trust deed, whereby she conveyed one hundred shares of stock in said corporation to said corporation, to be held, managed, and controlled by it, paying to said Alice Higby all dividends accruing thereon during her natural life, and using enough thereof after her death to provide a suitable vault or monument for herself and husband, and the remainder of the stock with its dividends to be used for the benefit of one Seward Higby, and after his death to be divided among the heirs of his body as they became of age. If Seward should fail to marry, or fail to have issue, these shares were to go to the heirs of the body of Jesse Higby. Other shares were to be held in trust for the heirs of the body of Jesse Higby. In certain contingencies the trust was to cease and vest at once in the heirs of Seward and Jesse Higby. The trustee was given power to manage the trust as it saw fit. Each and all of the directors accepted this trust.

It appears that Seward Higby is unmarried, and that

relator is next friend for the grandchildren of Alice M. Higby, who died May 29, 1905. Defendant has possession of the aforesaid stock under the deed of trust, and is administering it according to the terms thereof. Jesse Higby sold some of the stock held by him to one Hieber, and Hieber sold part of this to one Benson. Defendant has never been appointed trustee by any court, has not given bond, and has made no report, save to Seward and Jesse Higby.

This action was brought to oust defendant and to exclude it from the privilege of acting as trustee. It is claimed that defendant cannot act in that capacity, that neither under the law nor under its charter

**1. CORPORATIONS:** power to act as trustee.

may it act as such, that it is contrary to public policy to allow private corporations to administer trust estates without protective limitations and safeguards, and that in no event should it be allowed to act for minors or other persons under the sovereignty or protective care of the State. We have it settled for this State that a corporation may purchase and hold its own stock. *Iowa Lumber Co. v. Foster,* 49 Iowa, 25; *Rollins v. Shaver Co.,* 80 Iowa, 380. In the former case it is said that corporations may assume such powers as are deemed advisable, provided such powers do not exceed those possessed by natural persons. In the instant case the articles of incorporation expressly authorize such transactions as were attempted to be exercised; and there is nothing in the general statutes to which our attention has been called, or which we can find, expressly forbidding them. Indeed, as a natural person may hold property as trustee, we can see no objection to a corporation's doing so, provided its articles are broad enough to authorize it.

At common law, originally, a corporation could not hold land or other property as trustee. 1 Black. Com. 477; *Minnesota Co. v. Beeber,* 40 Minn. 7 (41 N. W. 232, 2 L. R. A. 418). The reasons for this were technical in the extreme, and since the statute of uses (St. 27 Hen. VIII,

chapter 10) corporations may hold as trustees. *Sinking Fund v. Walker,* 6 How. (Miss.) 143–185 (38 Am. Dec. 433).

The general rule in this country now is that a corporation may hold real or personal property in trust for any purpose that is not foreign to the business for which it was created; and a court of equity will enforce such trusts. See cases cited in 7 Am. and Eng. Ency. (2d Ed.) 732. *Vidal v. Girard's Ex'rs, 2 How.* (U. S.) 127 (11 L. Ed. 205); *Phillips v. King,* 12 Mass. 546; *Matter of Howe,* 1 Paige (N. Y.) 214; *Trustee v. Peaslee,* 15 N. H. 317; *Protestant Co. v. Churchman,* 80 Va. 718; *De Camp v. Dobbins,* 29 N. J. Eq. 36; *Ex parte Trustees of Greenville Academies,* 7 Rich. Eq. (S. C.) 471; *Bell Co. v. Alexander,* 22 Tex. 350 (73 Am. Dec. 268). In the present case the trust was not foreign to the business for which defendant was created, but is in exact accord therewith; and as there is no statute prohibiting such corporation from acting as trustee there is no reason for ousting the defendant from its corporate franchises.

Plaintiffs rely upon a line of cases holding that in the absence of express statute a corporation cannot act as guardian, administrator, or executor. This we may concede, for the authorities seem to so hold; but such rule does not apply here. There is no need for a bond or oath by the trustee, and the trust is not of such a personal character that a corporation may not execute it. Doubtless a court of equity might require the defendant to give 'bond as security for the proper exercise of its trust under Acts 29th General Assembly; and for malfeasance or other cause might remove it and appoint another under its general equity powers. But nothing of that kind is asked here. The purpose of this action is to oust the defendant, and to exclude it from its franchises and privileges; and unless it be found to be acting illegally as a corporation, plaintiffs' remedy, if they have any, is to secure the appointment of a new

trustee, in order that the trust may not fail. Of course, if the defendant is organized without authority of law, judgment of ouster is the proper decree; but this does not appear to be the case.

II.   Finding, as we do, that defendant is organized pursuant to law, plaintiffs' remedy, as already suggested, is not *quo warranto;* for the public has no interest in a merely private affair.  *State v. Ferry Co.,* 11 Neb.

2. QUO WARRANTO. 354 (9 N. W. 563); *Harris v. R. R. Co.,* 51 Miss. 602; *State v. Bridge Co.,* 91 Iowa, 517; *Atty. Gen. v. R. R. Co.,* 35 Wis. 425.

Other matters discussed by counsel have no application to the case.   Even were a guardian appointed for plaintiffs, he would have no right to any of the property conveyed to defendant in trust, unless it were found that the corporation itself was illegally organized without authority of law, and even then it is doubtful if plaintiffs, who are not lienal descendants of the deceased, would have any right to the property conveyed to defendant in trust.   Upon this proposition we need not further speculate; for, having found that defendant may act as trustee, that is the end of the controversy.

The trial court was right in denying the relief asked, and its judgment is *affirmed.*