J. J. BROWN, Appellant, v. J. A. CONWAY, Appellee.

**TRIAL: Dockets—Action of "Accounting."** A demand for an accounting is not necessarily transferable to equity. For instance, an action by a surety (who has paid the debt) against a cosurety for proportional reimbursement is not so transferable simply because of the defensive plea that plaintiff had failed to apply to the debt funds in his hands belonging to the principal, and that defendant was, therefore, entitled to an "accounting." (See Book of Anno., Vol. 1, Sec. 10947, Anno. 11.)

**PRINCIPAL AND SURETY: Remedies of Surety—Reimbursement from Cosurety—Unavailable Defense.** A surety who has paid a note given for the accommodation of the corporation of which he is an officer may not be defeated in his action to compel a cosurety to make proper reimbursement, by the fact that the plaintiff allowed or permitted or directed the corporate funds to be applied on other corporate obligations, and not on the accommodation note.

**Headnote 1:** 1 C. J. pp. 613, 617 (Anno.)  **Headnote 2:** 32 Cyc. p. 298 (Anno.)

*Appeal from Webster District Court.*—SHERWOOD A. CLOCK, Judge.

JANUARY 12, 1926.

THIS action was commenced at law to require defendant to contribute to plaintiff one half the amount of money paid by plaintiff to discharge an accommodation note signed by both plaintiff and defendant. An answer was filed, alleging that defendant was entitled to an accounting from plaintiff, as treasurer of the corporation for whose accommodation the note had been signed, by reason of certain fire insurance money received by him as treasurer, for the loss of the property of the corporation. The cause, upon motion of defendant, was transferred to equity, over plaintiff's objection. Judgment and decree was entered for defendant. Plaintiff appeals.—*Reversed.*

*Mitchell, Files & Mulholland,* for appellant.

*Healy, Thomas & Healy,* for appellee.

De Graff, C. J.—The record does not disclose why the cause was transferred from the law to the equity side of the calendar. The demand for an accounting is not exclusively cognizable in equity. Originally, matters of account which were proper for an action of account were cognizable exclusively at law; but the old common-law action of account was early assumed by courts of equity, and its jurisdiction may, as a general rule, attach whenever the subject-matter cannot be fully investigated at law. It is the general rule that, in order that an equity court may obtain jurisdiction of an accounting, three things concur: first, the need of a discovery; second, the complicated character of the accounts; and third, the existence of a fiduciary or trust relation. A court of equity will not withdraw the litigation from a law court unless it clearly appears that such a course is necessary, in order that complete justice may be done. See *Mayo v. Halley*, 124 Iowa 675; 1 Corpus Juris 612, Section 56 *et seq.*

1. TRIAL: dockets: action of "accounting."

The sole defense made in the case at bar is that Brown, as treasurer of the Fort Dodge Manufacturing Company, a corporation, received and paid out the insurance money to liquidate other notes and other indebtedness than the note sued on; that defendant is entitled to have an accounting from Brown and to have the insurance money spread over all indebtedness *pro rata.* If the allegations of the answer were true, and such a claim constituted a defense, it would require a mere matter of computation to ascertain what amount, if any, defendant should pay. There is nothing in such a case requiring the interposition of equity. If, as appellee claims, the books and records are in the possession of plaintiff, the law provides an effective method of procuring the same for examination or copy. The exception taken to the order transferring the cause to equity is not argued, and therefore we give the proposition no further consideration.

The indebtedness for which the note in suit was given originated some three or four years prior to the year 1913, when the plant of the corporation was destroyed by fire. Brown and

2. PRINCIPAL AND
SURETY: reme-
dies of surety:
reimbursement
from cosurety:
unavailable de-
fense.

Conway jointly paid the interest on the note when it was renewed, from time to time, up to the time of the fire. The note was renewed after that, from time to time, until the fall of 1918, when Conway refused to renew, although he and Brown had paid the interest at each renewal time. Thereafter, Brown paid the note and the accrued interest when the payee, the First National Bank of Fort Dodge, threatened suit.

Conway claims that he is not liable to contribute to Brown, because Conway, as a stockholder of the corporation, which has never been dissolved, is entitled to an accounting from Brown, as its treasurer, for moneys received by the corporation from fire insurance. But the evidence shows that Brown was not treasurer, but president; that he had nothing to do with the use of any of the insurance money to pay claims; that he never received any money, except to apply on a note given to his wife by the corporation for money she had loaned it. The claim that Conway is entitled to an accounting from Brown, as treasurer, therefore fails. Nor is there any evidence in the record that Brown assumed and undertook to pay off any debts and ignored the one in suit, as is claimed by Conway in his answer.

But assume that Brown, as president of the corporation, did order the treasurer to pay notes and other debts of the company from the insurance money collected. Does this entitle Conway to complain and to receive from Brown an accounting of such of the corporation's funds as were so used? It must be borne in mind that this corporation has not been dissolved, nor has there been any action on the part of its board of directors declaring any of the funds of the corporation available to stockholders. No stockholder has any right to any of the money in the treasury of the corporation at any time until such a fund has been created, either by its officers or by operation of law. If such an action is to be maintained,—that is, an action of accounting for the funds of the corporation,—it must be maintained, if at all, by a suit for the benefit of the corporation, and not by a stockholder in his individual capacity. See *Dillon v. Lee,* 110 Iowa 156; *Kennedy v. Citizens' Nat. Bank,* 128 Iowa 561; *Schoening v. Schwenk,* 112 Iowa 733.

To say, therefore, that Conway is not liable for contribu-

tion to Brown because the treasurer of the company paid claims out of the corporation's treasury, ignoring the claim of Conway, is in fact saying that a part of the fire insurance money belonged to Conway, as a stockholder, and should have been paid upon his note, executed for the accommodation of the company. With this proposition we cannot agree.

For the purpose of this opinion, we may assume that the makers of this accommodation note are cosureties. The settled principle of law is that, when one of two cosureties takes indemnity from the principal, he is bound to account to his cosurety therefor. And in this case, if there was any evidence in the record that Brown had received any money from the treasury of the corporation, to be applied upon the note signed by himself and Conway, he would be required to account to Conway for one half of the amount so paid. See *Security Sav. Bank v. Peddicord*, 196 Iowa 215. The record, however, fails to show that Brown ever received from the treasury of the company, or from anyone else, any money that was to be applied to the payment of the note in suit.

We can see no merit in the defense interposed, nor can we, under the prayer for general equitable relief, sustain the action of the lower court. This cause, having been transferred to equity, and having been tried as such, is triable *de novo* here. The cause is therefore remanded, with instructions to enter judgment and decree in harmony with this opinion; or appellant may, if he so elects, have judgment entered in this court, as prayed in his petition.—*Reversed*.

STEVENS, FAVILLE, and VERMILION, JJ., concur.