THE STATE OF MISSOURI at the Relation of ST. LOUIS MUTUAL LIFE INSURANCE COMPANY, a Corporation, EDWARD G. CURTIS, LOUIS NOLTE, A. J. NULSEN, DR. CLEVELAND H. SHUTT, EMIL N. TOLKACZ, E. A. GESSLER, DR. JOHN GREEN, JULIAN C. HARVEY, LAMBERT E. WALTHER, WILLIAM J. KOENEMANN, FREDERICK H. KRIESMANN, JAMES M. ROHAN and WILLIAM C. UNRI, Relators, v. JERRY MULLOY, Judge of Division No. 2 of the Circuit Court of the County of St. Louis, Missouri, and ABRAHAM M. LICHT.—52 S. W. (2d) 469.

Court en Banc, June 15, 1932.

*Leahy, Saunders & Walther* and *Theodore Rassieur* for relators.

*Cobbs & Logan, Walter L. Roos* and *William H. Armstrong* for respondents.

954

ATWOOD, C. J.—By this proceeding relators, who are the St. Louis Mutual Life Insurance Company, a corporation, and the members of its board of directors, seek to prohibit respondents from taking further action in an equity suit now pending before respondent Mulloy, Judge of Division No. 2 of the Circuit Court of the County of St. Louis, wherein respondent Licht is plaintiff and relators herein are defendants.

Plaintiff's bill, which is set forth in the petition of relators herein, alleges that he is the owner of a $1000 life insurance policy issued by defendant company prior to its reorganization, as hereinafter stated, and that he brings this suit in his own behalf and in behalf of all other similar situated policyholders who desire to join therein; that "defendant St. Louis Mutual Life Insurance Company is a corporation, organized and existing under and by virtue of the laws of the State of Missouri, with an office and principal place of business in the city of St. Louis, State of Missouri;" that it "was organized as a mutual insurance company under the name of the German Mutual Life Insurance Company, by a special act of the Legislature of the State of Missouri, approved on the 23rd day of November, 1857; that on or about the —— day of ————, 19—, the name of said company was changed to the St. Louis Mutual Life Insurance Company;" that said company continued in business as a mutual company until on or about January 1, 1931, when it had insurance in force in excess of $13,000,000 and a surplus of more than $260,000.

Plaintiff's bill further alleges that the individual defendants, without authority of law, promulgated a plan to secure control of the assets, and particularly the surplus, of said company, "which said surplus was the property of this plaintiff and other policyholders, and in which this plaintiff and other policyholders had and still have a vested interest;" that for the purpose of consummating said plan the same was submitted by them to a meeting of the policyholders November 20, 1930; that said plan consisted of a declaration and proposed charter from which it appeared that, pursuant to Sections 16, 17 and 18 of an act of the Missouri General Assembly approved March 10, 1869, it was the intention to surrender the company's charter and reorganize under the provisions of Article II, Chapter 50, Revised Statutes 1919, and amendments, a stock and mutual life insurance company with the same name and take over its assets and business; that said plan and scheme of reorganization as presented to said policyholders had no basis or authority in law, and

the actions of defendants pursuant thereto were wholly void and illegal, because said sections of the act approved March 10, 1869, were repealed long prior thereto, and if not so repealed, even after including many minors who were permitted to vote and proxies not properly signed and witnessed which were counted, yet the reorganization was not adopted by the requisite two-thirds vote.

The bill further alleges that notwithstand'ng such illegality and irregularities the ''defendants proceeded with their plan of reorganization and completed a declaration and statement to be executed by the board of directors and officers of the said St. Louis Mutual Life Insurance Company, to the effect that said plan of reorganization had been approved, and asked and secured the approval of the Attorney-General of the State of Missouri to said plan and scheme of reorganization;'' that pursuant thereto the capital stock was paid in, and an infinitely greater voting power and control was thus given to those individuals who contributed the $150,000 for capital and surplus than was given to the policyholders who had contributed $229-000, whereby the former ''have now succeeded in obtaining a purported interest in and an actual control over all of the said surplus and value of said insurance and other physical assets of said company.''

Plaintiff prayed ''that the scheme of reorganization of said St. Louis Mutual Life Insurance Company, as promulgated and executed by said individual defendants, be set aside and held for naught and that the assets of the St. Louis Mutual Life Insurance Company be restored to this plaintiff and other policyholders, and that said individual defendants be required to account for said surplus and the prof'ts derived from the operation of said business since the date of its reorganization;'' that the individual defendants who were the d'rectors of said company at the time of said purported reorganization and who are now directors of said company be removed and their respective offices declared vacant, and that the court authorize the election of a new board of directors; ''that a receiver be immediately appointed to take possession of the assets of said company, to conserve the same against the actions and manipulations of said individual defendants, and that said receiver be authorized to preserve and conserve said assets for this plaintiff and all other policyholders of said company, and, if advisable, to continue the operation of defendant company under the order of this court,'' and for general relief.

The grounds for prohibition pleaded by relators herein are as follows:

''That the said court has no jurisdiction whatever to cancel and annul the charter of said company, because such proceeding can only be instituted either by the Attorney-General of the State of

Missouri or by the Circuit Attorney of the City of St. Louis in a proper proceeding for that purpose, and that no private person has either the right or the duty to institute such official *quo warranto* proceeding.

"That said court has no jurisdiction to appoint a receiver for said company, relator herein, because, under the statutes of the State of Missouri, in such cases made and provided, only the Superintendent of Insurance can institute such receivership proceedings under his supervisory powers over life insurance companies organized under the laws of the State of Missouri.

"That in any event and in any aspect of the case the court has no jurisdiction in this matter, because any suit for the appointment of a receiver for said company must be instituted in the Circuit Court of the City of St. Louis, Missouri, in which said city said relator company had and still has its principal office and place of business; that there is no joint cause of action stated in said petition against said relator company and said individual defendants, and that said respondent Judge is wholly without right, authority, power or jurisdiciton to hear or determine the matters set out in the said petition in equity."

Relators further plead that unless prohibited respondent judge will immediately proceed to take action in said cause in accordance with the relief prayed, and that relators will thereby suffer irreparable injury, and that they are without adequate remedy at law.

Our preliminary rule in prohibition was entered and served and respondent Licht's return thereto in effect admits the formal allegations of relators' petition, and both generally and specifically denies the remainder. It avers "that the purpose of said suit is to set aside the illegal and unlawful reorganization of the St. Lou's Mutual Life Insurance Company and to restore said company to its original status as a mutual company existing and operating under the special act of the Legislature of the State of Missouri, approved November 23, 1857; to remove the present board of directors of said company (elected by stockholders who wrongfully controlled said election), and to elect a new board by a vote of policyholders of said company only; to restore the assets of said company to its policyholders and compel said defendants to account for said assets belonging to the policyholders, and, if necessary, to appoint a receiver to protect the interests of said policyholders until said reorganization is set aside; said assets now being under the control of the individual defendants and held and alleged to be owned by the corporate defendant." It further avers that "the approval of the scheme and plan of the relators to secure control of the St. Louis Mutual Life Insurance Company by the Superintendent of Insurance of the State of Missouri and by the Attorney-General of the

State of Missouri was secured either through a mistake of law on the part of these officials or a misunderstanding of the facts relating thereto, as presented by the relators herein, and this respondent states that said approval is without any force or effect in law and is in nowise binding upon this respondent or upon any of the courts of this State." It also avers that the issuance of our preliminary rule in prohibition contravenes our court rule number 33, and that making same absolute would be contrary to our Rule 32.

The return of respondent judge likewise in effect admits the formal allegations of relators' petition and denies the remainder. It also contains averments to the effect that whether or not he has jurisdiction to act in said cause will be determined upon proper pleadings when the matter is brought before him in due course, that the questions here raised by relators are such as may be passed upon in proper proceedings for review, and that the usual appellate remedies are available to relators.

Motions to quash respondents' return and for judgment on the pleadings were thereupon filed by relators.

■ From the foregoing digest of and quotations from relators' petition and respondents' returns, particularly the allegations in plaintiff Licht's bill that defendant company is a corporation duly organized and existing under and by virtue of the laws of Missouri and that its declaration and statement received the approval of the Attorney-General and the Superintendent of Insurance and that the purported plan of reorganization went into effect January 1, 1931, it will be presumed that the statutes were complied with requiring the Secretary of State to issue his certificate changing it into a stock and mutual company and the Superintendent of Insurance to issue his certificate authorizing it to continue in the life insurance business thereafter as a stock and mutual company. It appears from respondent Licht's bill in equity and his return filed herein that he seeks to recover for himself and others to whom policies were issued prior to the company's reorganization all property and assets accumulated prior thereto and transferred to it at that time, and this because of alleged illegality in the reorganization. This is clearly an attack upon the company's present corporate existence evidenced by the State's certificate of authority to engage in the insurance business as a stock and mutual company under its duly approved plan of reorganization. Such right having been thus duly granted by the State the legality of steps leading thereto may not be challenged by suits of policyholders, shareholders or private individuals. ■ Such matters can be inquired into only in a proceeding in the nature of *quo warranto* instituted by a proper officer in behalf of the State. [Wells Co. v. Gastonia Co., 198 U. S. 177; Boatmen's Bank v. Gillespie, 209 Mo. 217, 108 S. W. 74; First National Bank of Deadwood

958

v. Rockefeller, 195 Mo. 15, 93 S. W. 761; State ex rel. v. Talbot, 123 Mo. 69, 27 S. W. 366; State ex inf. v. A., T. & S. F. Ry. Co., 176 Mo. 687, 707, 75 S. W. 776.] It follows that respondent judge is without jurisdiction to grant such relief in the cause pending before him.

■ Want of jurisdiction to grant relief in plaintiff's main case as a matter of course precludes jurisdiction to apply the ancillary remedy of receivership, but for another reason also respondent judge has no power to appoint a receiver.

In State ex rel. Missouri State Life Insurance Company v. Hall, Judge, et al., 52 S. W. (2d) 174 (not yet officially reported), we have so recently held the insurance laws of this State to constitute an exclusive code for the supervision and regulation of insurance companies that supporting authorities need not here be reviewed. In our opinion in that case we said:

"The enactment of this comprehensive code made the State a real party in interest. The Superintendent of Insurance is the administrative officer in charge of that interest, and courts are without authority to interfere with his administration of the code. There is no place in an exclusive insurance code for an operating receiver."

Plaintiff Licht, without consulting the Superintendent of Insurance or making him a party defendant, and in apparent defiance of the State's approval and authorization, duly given through its Attorney-General and Superintendent of Insurance, of defendant company's plan of reorganization and right to proceed thereunder, seeks to have respondent judge appoint a receiver to take possession of defendant's assets, "and, if advisable, to continue the operation of defendant company." On authority of our decision in the Hall case, supra, we hold that respondent judge is without power to grant such relief.

■ While relator company might have the above matters determined on appeal if ruled adversely below it seems obvious that such remedy would be inadequate. The insurance business, like that of banking, is peculiarly dependent upon public trust and confidence. An order of receivership once made, though subsequently revoked for want of jurisdiction, would result in irreparable injury to defendant company. If satisfied, as we are in this case, that relator's alleged injury is irreparable and imminent and other remedies are inadequate, the extraordinary remedy of prohibition will not be stayed for the giving of notice which would probably defeat its purpose, or because this remedy has not first been sought in another court of concurrent jurisdiction, and our court Rules 32 and 33 are to be so construed.

The conclusions thus reached render discussion of other points raised by relators and respondents unnecessary. The preliminary rule in prohibition is made absolute. All concur.